KEKER & VAN NEST, LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
WENDY J. THURM - #163558
wthurm@kvn.com
BENEDICT Y. HUR - #224018
BENJAMIN BERKOWITZ - #244441
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
THELEN REID BROWN RAYSMAN & STEINER LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THELEN REID BROWN RAYSMAN & STEINER LLP,<br><br>                            Plaintiff,<br><br>    v.<br><br>FRANÇOIS MARLAND,<br><br>                            Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF TO ENFORCE PRIOR JUDGMENT OF THIS COURT** |

1.      Plaintiff Thelen Reid Brown Raysman & Steiner LLP ("Thelen") brings this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and the Federal Arbitration Act, 9 U.S.C. §§ 1-14, seeking a Temporary Restraining Order, a Preliminary Injunction and Permanent Injunction, to prohibit defendant Francois Marland from re-litigating in arbitration claims not subject to arbitration and which were previously litigated *in this Court* to a final judgment on their merits.

2.      Thelen is a California limited liability partnership and a law firm with an office in San Francisco, California.

3.      Marland is a citizen of the Republic of France, a French attorney, and currently a resident of Switzerland.

4.      Marland is the sole shareholder and beneficiary of RoNo LLC and exercises complete and personal control over that entity. RoNo was created as a shell corporation for the sole purpose of protecting Marland's anonymity by serving as a plaintiff in a *qui tam* action filed in San Francisco Superior Court. RoNo is a Delaware limited liability company but, on information and belief, is not in good standing with the Delaware Secretary of State. On information and belief, RoNo currently conducts no commerce other than litigation and serves solely as an alter ego for Marland.

5.      On February 13, 2006, Marland initiated an arbitration proceeding against Thelen with the American Arbitration Association ("AAA") in New York (the "New York Arbitration"), seeking to enforce alleged rights and recover damages with respect to a February 1999 attorney-client agreement between the parties (the "February 1999 Agreement"). (The AAA subsequently assigned the proceeding to the International Centre for Dispute Resolution ("ICDR") for administrative purposes.) Thelen objected to the arbitration proceeding on the grounds that: (1) the February 1999 Agreement was terminated and superseded by a new agreement in December 2002 (the "December 2002 Agreement"), which does not contain an arbitration clause; (2) the December 2002 Agreement contains a release of all claims asserted by Marland in his Demand for Arbitration; and (3) Marland's claims are time-barred by California's statute of limitations.

6.      On March 20, 2006, Thelen filed a complaint in this Court entitled *Thelen Reid Brown Raysman & Steiner LLP v. Francois Marland et al*, Case No. C 06-2071 VRW ("*Thelen v. Marland I*"), seeking to enforce the December 2002 Agreement and enjoin Marland from pursuing the New York Arbitration.  In its complaint and subsequent amended pleadings, Thelen requested that this Court (1) declare the December 2002 Agreement valid and enforceable; (2) declare that Marland had released Thelen from all claims arising out of their relationship, including the claims asserted in the New York Arbitration; (3) declare that the claims asserted in the New York Arbitration were barred by the statute of limitations; and (4) enjoin Marland from pursuing the New York Arbitration against Thelen.

7.      The ICDR placed the arbitration proceeding in abeyance on May 19, 2006, pending resolution of *Thelen v. Marland I*.   On May 22, 2006, this Court entered a consent order which stayed the New York Arbitration pending the Court's final order on Thelen's motion for a preliminary injunction against Marland.

8.      On May 23, 2006, Marland filed an answer to Thelen's first amended complaint and asserted five counterclaims against Thelen:  (1) breach of fiduciary duty; (2) breach of contract; (3) bad faith denial of contract; (4) intentional misrepresentation and failure to disclose known facts; and (5) negligence.  As set forth in the pleading, Marland's counterclaims mirrored the claims he was asserting against Thelen in the New York Arbitration.  Marland attached as Exhibit A to his counterclaims a copy of his Amended Description of Claims in the New York Arbitration.

9.      Thelen answered the counterclaims and filed counter-counterclaims against Marland for declaratory relief and money had and received.

10.     In March, 2007, Thelen filed a motion for partial summary judgment on Marland's first counterclaim for breach of fiduciary duty and his fifth counterclaim for negligence, on the grounds that those claims were time-barred under California Code of Civil Procedure 340.6.

11.     In April, 2007, Thelen and Marland filed cross-motions for summary judgment. In its motion, Thelen sought summary judgment on (1) its first claim for declaratory relief (that

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
TO ENFORCE PRIOR JUDGMENT OF THIS COURT

1  the December 2002 Agreement is valid and enforceable); (2) all of Marland's counterclaims; and

2  (3) Marland's affirmative defense of fraud.  In his motion, Marland sought summary judgment

3  on (1) six affirmative defenses to Thelen's first claim for declaratory relief; (3) Thelen's counter-

4  counterclaims for declaratory relief and money had and received; and (3) his counterclaim for

5  breach of contract.

6      12.    Chief Judge Walker heard oral argument on the parties' motions on May 10,

7  2007.  On August 1, 2007, Chief Judge Walker issued a 57-page order granting summary

8  judgment for Thelen and denying summary judgment for Marland.  *See* Ex. A.  Chief Judge

9  Walker ruled that the December 2002 Agreement is valid and enforceable as a matter of law and

10  that it "replaced 'any and all other agreements' between the parties," thus barring Marland's

11  counterclaim for breach of the June 1999 agreement.  *Id.*, at 53:25-54:5.

12      13.    The Court further held that Marland's counterclaims for breach of fiduciary duty,

13  fraud and negligence were barred by the waiver and release provision in the December 2002

14  Agreement and that Marland's counterclaim for bad faith denial of contract did not state a claim

15  under California law.  The Court also granted summary judgment for Thelen on Marland's

16  affirmative defense of fraud.  *Id.*, at 54:5-22.

17      14.    The Court declined to reach the merits of Thelen's motion for partial summary

18  judgment on statute of limitations grounds, holding that Marland's allegations of improper

19  conduct that post-dated the December 2002 Agreement did not suffice to give rise to claims for

20  breach of fiduciary duty, fraud or negligence.  *Id.*, at 54:22-55:9.  The Court also declined to

21  reach the merits of Thelen's counter-counterclaims, finding that the claims were moot in light of

22  the Court's decision that the December 2002 Agreement is valid and enforceable.  *Id.*, at

23  55:14-21.

24      15.    The Court also denied as moot Thelen's request to permanently enjoin the New

25  York Arbitration, stating: "It is clear from the above discussion that the parties have litigated

26  their claims here to final resolution.  Indeed, this order eliminates those claims.  This resolution

27  binds the parties on the litigated claims and moots the necessity of injunctive relief.  To the

28  extent there remain other claims *not here litigated*, those claims may be arbitrated or litigated

3

404532.06

1    elsewhere. Injunctive relief is not required here." *Id.*, at 56:20-28 (emphasis added).

2    16.     Chief Judge Walker's order granting summary judgment to Thelen and denying

3    summary judgment to Marland was a final judgment on the merits.

4    17.     On August 23, 2007, Marland filed a Notice of Appeal with the Ninth Circuit,

5    together with a Ninth Circuit Civil Appeals Docketing Statement. *See* Exs. B & C. In a Rider

6    to the Docketing Statement, Marland admitted that the claims he had asserted in the New York

7    Arbitration were the same claims that he had asserted "as counterclaims in the district court."

8    Ex. C, at § 2.

9    18.     On October 3, 2007, Marland requested that the ICDR re-activate the New York

10    Arbitration, arguing that Chief Judge Walker had not formally enjoined the arbitration

11    proceeding. *See* Ex. D.

12    19.     On November 5, 2007, the ICDR re-activated the New York Arbitration and

13    notified Thelen that it intended to proceed with the appointment of an arbitrator. *See* Ex. E.

14    **JURISDICTION**

15    20.     Subject matter jurisdiction is proper pursuant to 28 U.S.C.§ 1331 and this Court's

16    ancillary jurisdiction to protect its previous judgment in *Thelen v. Marland I.*

17    21.     Subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1332(a)(2).

18    Thelen is a California limited liability partnership, and all of Thelen's partners are citizens or

19    legal permanent residents of the United States. Marland is a citizen of France. The claims being

20    asserted by Marland in the New York Arbitration are valued by him at greater than $600,000.

21    22.     Personal jurisdiction over Marland in California is proper because Marland, in the

22    December 2002 Agreement, consented to jurisdiction in the State of California. Furthermore,

23    Marland purposefully availed himself of professional relationships with lawyers in California to

24    pursue litigation in California. The exercise of jurisdiction over Marland comports with

25    traditional notions of fair play and substantial justice.

26    **VENUE**

27    23.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a). A substantial

28    part of the events giving rise to this claim occurred in San Francisco County. Thelen has an

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
TO ENFORCE PRIOR JUDGMENT OF THIS COURT

404532.06

1    office in San Francisco.  The Thelen attorneys with whom Marland primarily interacted are from

2    Thelen's San Francisco office.  The December 2002 Agreement was negotiated, in part, in San

3    Francisco.  Thelen is seeking an injunction barring Marland from re-litigating the claims which

4    Thelen and Marland previously litigated in this Court, located in San Francisco.

5                              **INTRADISTRICT ASSIGNMENT**

6            24.    This action arises in San Francisco County.  Accordingly, this action is properly

7    assigned to either the San Francisco Division or Oakland Division.  *See* Civil L.R. 3-2(d).

8            25.    This case concerns "substantially the same parties, property, transaction or event"

9    as litigated in *Thelen v. Marland I.*  Accordingly, this is a related case pursuant to Civil L.R. 3-12

10   and should be assigned to Chief Judge Vaughn Walker in San Francisco to avoid the "unduly

11   burdensome duplication of labor and expense" that would result if it were assigned to a different

12   judge.

13                              **CLAIMS FOR RELIEF**

14

15                                  **Claim One**
                        **(Declaratory Relief—No Arbitration Clause)**

16           26.    Thelen incorporates by reference the allegations contained in Paragraphs 1

17   through 25, inclusive.

18           27.    The December 2002 Agreement is the only valid and enforceable agreement

19   between Thelen and Marland.

20           28.    The December 2002 Agreement does not provide for arbitration.

21           29.    An actual, immediate, justiciable controversy has arisen between Thelen and

22   Marland regarding whether Thelen is obligated to arbitrate any disputes with Marland arising

23   under or related to the December 2002 Agreement.

24           30.    Thelen seeks a declaratory judgment from the Court that Thelen is not obligated

25   to arbitrate any disputes with Marland arising under or related to the December 2002 Agreement.

26

27

28

                                        5
                COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
                      TO ENFORCE PRIOR JUDGMENT OF THIS COURT

1

2

**Claim Two**
**(Declaratory Relief—Res Judicata (Claim Preclusion))**

3          31.    Thelen incorporates by reference the allegations contained in Paragraphs 1

4    through 30, inclusive.

5          32.    The ICDR has reactivated Marland's arbitration against Thelen.  In the New York

6    Arbitration, Marland is asserting claims against Thelen that were asserted, or could have been

7    asserted, in *Thelen v. Marland I*.

8          33.    Permitting Marland to re-litigate these claims would impair Thelen's rights and

9    interests established in the prior judgment and undermine this Court's authority.

10          34.    The claims Marland seeks to arbitrate in the New York Arbitration involve

11    infringement of the same rights at issue in *Thelen v. Marland I* and would involve the same

12    evidence presented to this Court in *Thelen v. Marland I*.

13          35.    The New York Arbitration and *Thelen v. Marland I* arise out of the same

14    transactional nucleus of facts.

15          36.    An actual, immediate, justiciable controversy has arisen between Thelen and

16    Marland regarding whether Marland may re-litigate claims that were asserted, or which could

17    have been asserted, in *Thelen v. Marland I*.

18          37.    Thelen seeks a declaratory judgment from the Court that Marland is barred by res

19    judicata from re-litigating in the New York Arbitration or elsewhere any claim that was asserted

20    against Thelen in *Thelen v. Marland I* or any claim that could have been asserted against Thelen

21    in *Thelen v. Marland I*.

22

23

**Claim Three**
**(Declaratory Relief—Collateral Estoppel (Issue Preclusion))**

24          38.    Thelen incorporates by reference the allegations contained in Paragraphs 1

25    through 37, inclusive.

26          39.    The ICDR has reactivated Marland's arbitration against Thelen.  In the New York

27    Arbitration, Marland is seeking to re-litigate issues of fact and law that were actually litigated

28    and necessarily decided in *Thelen v. Marland I*.

6

404532.06

1    40.    Marland had a full and fair opportunity to litigate these issues in *Thelen v.*

2    *Marland I.*

3    41.    An actual, immediate, and justiciable controversy has arisen between Thelen and

4    Marland regarding whether Marland may re-litigate issues that were actually litigated and

5    necessarily decided in *Thelen v. Marland I.*

6    42.    Thelen seeks a declaratory judgment from the Court that Marland is barred by

7    collateral estoppel from re-litigating in the New York Arbitration or elsewhere any issues of fact

8    or law that were actually litigated and necessarily decided in *Thelen v. Marland I.*

9

10    **Claim Four**
    **(Declaratory Relief—Waiver)**

11    43.    Thelen incorporates by reference the allegations contained in Paragraphs 1

12    through 42, inclusive.

13    44.    In *Thelen v. Marland I*, Marland asserted five counterclaims against Thelen.  As

14    set forth in that pleading, Marland's counterclaims mirrored the claims he had first asserted

15    against Thelen in the New York Arbitration.

16    45.    In *Thelen v. Marland I*, Marland served written discovery on Thelen, including

17    interrogatories, requests for admission and requests for production of documents.  Thelen

18    produced nearly 17,000 pages of documents.  Marland deposed eight percipient witnesses,

19    proffered two expert witnesses, and deposed Thelen's two expert witnesses.  Marland and Thelen

20    filed cross-motions for summary judgment in this Court directed at Marland's counterclaims.

21    46.    Thelen expended considerable time and resources defending against Marland's

22    counterclaims in *Thelen v. Marland I.*

23    47.    As a result of his litigation conduct in *Thelen v. Marland I*, Marland waived his

24    right to arbitration of any disputes arising out of or related to his prior contractual and

25    professional relationship with Thelen.

26    48.    Thelen seeks a declaratory judgment from the Court that Marland waived his right

27    to arbitrate any claims arising out of or related to his prior contractual and professional

28    relationship with Thelen.

7

404532.06

**Claim Five**
**(Declaratory Relief—Estoppel)**

49.     Thelen incorporates by reference the allegations contained in Paragraphs 1 through 48, inclusive.

50.     In *Thelen v. Marland I*, Marland asserted five counterclaims against Thelen.  As set forth in that pleading, Marland's counterclaims mirrored the claims he had first asserted against Thelen in the New York Arbitration.

51.     In *Thelen v. Marland I*, Marland served written discovery on Thelen, including interrogatories, requests for admission and requests for production of documents.  Thelen produced nearly 17,000 pages of documents.  Marland deposed eight percipient witnesses, proffered two expert witnesses, and deposed Thelen's two expert witnesses.  Marland and Thelen filed cross-motions for summary judgment in this Court directed at Marland's counterclaims.

52.     Thelen expended considerable time and resources defending against Marland's counterclaims in *Thelen v. Marland I*.

53.     As a result of his litigation conduct in *Thelen v. Marland I*, Marland is estopped from asserting any right to arbitrate any claims arising out of or related to his prior contractual and professional relationship with Thelen.

54.     Thelen seeks a declaratory judgment from the Court that Marland is estopped from asserting any right to arbitrate any claims arising out of or related to his prior contractual and professional relationship with Thelen.

**Claim Six**
**(Injunctive Relief)**

55.     Thelen incorporates by reference the allegations contained in Paragraphs 1 through 54, inclusive.

56.     Thelen seeks a temporary restraining order, and preliminary and permanent injunction prohibiting Marland, himself and his agents, including RoNo LLC, from proceeding in any fashion with the New York Arbitration or any other arbitration proceeding.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
TO ENFORCE PRIOR JUDGMENT OF THIS COURT

## PRAYER FOR RELIEF

WHEREFORE, Thelen prays for the following relief:

57.    A judgment against Marland according to the declaratory relief sought;

58.    A temporary restraining order, and preliminary and permanent injunction prohibiting Marland, himself and his agents, including RoNo LLC, from proceeding with the New York Arbitration or any other arbitration proceeding;

59.    Its costs and fees in this action; and

60.    Such other and further relief as the Court may determine is just and proper.

Dated: November 7, 2007                          KEKER & VAN NEST, LLP


By:  _____
     WENDY J. THURM
     Attorneys for Plaintiff
     THELEN REID BROWN RAYSMAN &
     STEINER LLP

9