# EXHIBIT C

Case 3:07-cv-05663-VRW     Document 1-5     Filed 11/07/2007     Page 1 of 8

A-11 (rev. 7/00)                                                                                     Page 1 of 2



| USCA DOCKET # (IF KNOWN) |
|---|
|   |

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## CIVIL APPEALS DOCKETING STATEMENT

PLEASE ATTACH ADDITIONAL PAGES IF NECESSARY.

| TITLE IN FULL:<br>SEE RIDER ATTACHED HERETO | DISTRICT: N. Dist. of CA | JUDGE: Hon. Vaughn R. Walker |
|---|---|---|
|  | DISTRICT COURT NUMBER: C-06-02071 VRW | |
|  | DATE NOTICE OF APPEAL FILED: Filed Simultaneously Herewith | IS THIS A CROSS-APPEAL? ☐ YES |
|  | IF THIS MATTER HAS BEEN BEFORE THIS COURT PREVIOUSLY, PLEASE PROVIDE THE DOCKET NUMBER AND CITATION (IF ANY): | |

BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW:
SEE RIDER ATTACHED HERETO

PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL:
SEE RIDER ATTACHED HERETO

PLEASE IDENTIFY ANY OTHER LEGAL PROCEEDING THAT MAY HAVE A BEARING ON THIS CASE (INCLUDE PENDING DISTRICT COURT POSTJUDGMENT MOTIONS):
SEE RIDER ATTACHED HERETO

DOES THIS APPEAL INVOLVE ANY OF THE FOLLOWING:

☐ Possibility of settlement

☐ Likelihood that intervening precedent will control outcome of appeal

☒ Likelihood of a motion to expedite or to stay the appeal, or other procedural matters (Specify) <u>district Court denied request to enjoin pending arbitration</u>

☐ Any other information relevant to the inclusion of this case in the Mediation Program _____

_____
_____ ☐

Possibility parties would stipulate to binding award by Appellate Commissioner in lieu of submission to judges

**LOWER COURT INFORMATION**

| JURISDICTION | | DISTRICT COURT DISPOSITION | |
|---|---|---|---|
| FEDERAL | APPELLATE | TYPE OF JUDGMENT/ORDER APPEALED | RELIEF |
| ☐ FEDERAL QUESTION<br>☒ DIVERSITY<br>☐ OTHER (SPECIFY): | ☒ FINAL DECISION OF DISTRICT COURT<br>☐ INTERLOCUTORY DECISION APPEALABLE AS OF RIGHT<br>☐ INTERLOCUTORY ORDER CERTIFIED BY DISTRICT JUDGE (SPECIFY):<br>☐ OTHER (SPECIFY): | ☐ DEFAULT JUDGMENT<br>☐ DISMISSAL/JURISDICTION<br>☐ DISMISSAL/MERITS<br>☒ SUMMARY JUDGMENT<br>☐ JUDGMENT/COURT DECISION<br>☐ JUDGMENT/JURY VERDICT<br>☐ DECLARATORY JUDGMENT<br>☐ JUDGMENT AS A MATTER OF LAW<br>☐ OTHER (SPECIFY): | ☒ DAMAGES:<br>SOUGHT $_____<br>AWARDED $ SEE RIDER<br>☒ INJUNCTIONS: ATTACHED<br>☐ PRELIMINARY<br>☒ PERMANENT HERETO<br>☐ GRANTED<br>☒ DENIED<br>☐ ATTORNEY FEES:<br>SOUGHT $_____<br>AWARDED $_____<br>☐ PENDING<br>☐ COSTS: $_____ |

### CERTIFICATION OF COUNSEL

I CERTIFY THAT:
1. COPIES OF ORDER/JUDGMENT APPEALED FROM ARE ATTACHED.
2. A CURRENT SERVICE LIST OR REPRESENTATION STATEMENT WITH TELEPHONE AND FAX NUMBERS IS ATTACHED (SEE 9TH CIR. RULE 3-2).
3. A COPY OF THIS CIVIL APPEALS DOCKETING STATEMENT WAS SERVED IN COMPLIANCE WITH FRAP 25.
4. I UNDERSTAND THAT FAILURE TO COMPLY WITH THESE FILING REQUIREMENTS MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF THIS APPEAL.

*Andrew W. Hayes* (Signature)     August 21, 2007 (Date)

### COUNSEL WHO COMPLETED THIS FORM

NAME: Andrew W. Hayes
FIRM: Hayes & Hardy LLP
ADDRESS: 1 Rockefeller Plaza, Suite 1005
New York, New York 10020
E-MAIL: ahayes@hayes-hardy.com
TELEPHONE: (212) 554-3120
FAX: (212) 554-3121

✸THIS DOCUMENT SHOULD BE FILED IN THE DISTRICT COURT WITH THE NOTICE OF APPEAL✸
✸IF FILED LATE, IT SHOULD BE FILED DIRECTLY WITH THE U.S. COURT OF APPEALS✸

# RIDER TO UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT CIVIL APPEALS DOCKETING STATEMENT

## 1. TITLE IN FULL:

THELEN REID BROWN RAYSMAN & STEINER LLP, fka THELEN REID & PRIEST LLP,

    Plaintiff and Counterclaim-Defendant,

vs.

FRANÇOIS MARLAND,

    Defendant and Counterclaim-Plaintiff

THELEN REID BROWN RAYSMAN & STEINER LLP, fka THELEN REID & PRIEST LLP,

    Counter-Counterclaimant,

vs.

FRANÇOIS MARLAND, PHILIPPE BRUNSWICK and SUSANNAH MAAS,

    Counter-Counter Defendants.

## 2. BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW:

    Thelen brought this action in March 2006 to enjoin an arbitration filed by its former client, Marland, in February 2006. Marland's arbitration demand sought (1) enforcement of a June 1999 fee-sharing agreement, entered into when Thelen persuaded Marland to abandon the *qui tam* action Thelen had filed on his behalf (arising out of the acquisition of Executive Life Insurance Co. by Credit Lyonnais and others in the early 1990s), which provided for Thelen to pay Marland 52.5% of any fee Thelen received from the California Department of Insurance (the "DOI", which had retained Thelen to pursue the same claims); and (2) forfeiture of the balance of Thelen's fee, based on Thelen's ethical breaches, including its appearance in late 2005 to Marland's request for reimbursement of fees and expenses in connection with the settlement of the *qui tam* action, on the theory that Thelen knowingly violated a fundamental rule of professional conduct to curry favor with its new client, the DOI.

    Thelen sought a declaratory judgment that the June 1999 fee-sharing agreement was superceded by a December 2002 amendment, which (a) reduced Marland's share of Thelen's fees from 52.5% to 35%, and (b) contained a release of all claims, known or unknown, Marland had against his then-counsel Thelen.

Marland asserted the claims in his notice of arbitration as counterclaims in the district court. Thelen moved to dismiss. In September 2006, the district court denied Thelen's motion to dismiss. Noting Marland's statement that he was prepared to litigate his claims in whichever forum (arbitration or court) offered a prompt resolution, and finding that Marland's counterclaims included matters occurring *after* the 2002 amendment and release, the court held that "dismissal would bring hardship to Marland by denying an opportunity to litigate his counterclaims in the forum of his choice." Order denying Thelen's motion to dismiss, September 12, 2006, Docket Item No. 34 at 7:17-7:20.

In late September 2006, Thelen asserted conditional "counter-counterclaims", seeking to recover what it had paid to Marland pursuant to the amended fee-sharing agreement if Marland prevailed on his counterclaims (i.e., if the 2002 amendment was unenforceable because it was unethical or the product of fraud, Thelen would seek to recover what it had already paid to Marland). Thelen also withheld over $600,000 in fees that it owed to Marland under even the reduced sharing ratio of the 2002 amendment.

In January 2007, the court set trial for June 2007, which was adjourned at Thelen's request to August 6, 2007.

In March 2007 Thelen moved for partial summary judgment based on the statute of limitations, seeking dismissal of claims predating Thelen's late-2005 opposition to Marland in the same matter in which it had represented him, and later moved for partial summary judgment to enforce the 2002 amendment and release. Thelen did not seek to dismiss Marland's claims relating to its late-2005 appearance in opposition to Marland. Those motions, and Marland's motion for partial summary judgment that the 2002 amendment was void and unenforceable, were argued on May 10, 2007.

On August 1, 2007, the district court entered an order disposing of all pending motions, denying Thelen's request for an injunction and awarding no damages, vacating the August 6 trial date, and closing the case. The district court held as a matter of law that Rule 3-300 of the California Rules of Professional Conduct and Section 16004 of the California Probate Code did *not* apply to Thelen's conduct in withdrawing from its initial attorney-client agreement with Marland for the purpose of negotiating a new, more favorable agreement. The district court also held that Thelen had complied with Rule 3-400 of the Rules of Professional Conduct in negotiating the 2002 release, notwithstanding that Thelen knew the two others lawyers on whom Marland was relying in 2002 each had an interest in Thelen's fee – one as a former Thelen partner who had a specific agreement to share in the fee, and the other as "associated counsel" with Thelen.

Although Thelen had not pled that the amended agreement was fair (a point raised in Marland's summary judgment motion), the district court also held that Thelen had met its burden of proving that the new agreement was not the product of undue influence.

The district court held that there was sufficient new consideration for the 2002 amendment because Thelen reasonably believed that it *might* have a basis to claim that Marland had failed to provide the cooperation required under the June 1999 agreement by not producing certain documents he had in Europe, notwithstanding Marland's evidence that Thelen partners had told him, in writing in May 1999, that he would not have to produce any documents he did not want to produce.

The district court also found that Marland's evidence that the 2002 amendment was induced by fraud was insufficient to warrant a trail. In particular, the court held that

one key alleged fraudulent statement, made by the Thelen partner who was negotiating the 2002 agreement, was not actionable because that partner believed that what he was saying was true, even though Thelen had admitted in an interrogatory response that it never believed what the partner said was true. The district court dismissed the balance of Marland's evidence of fraud by noting that Marland had not read the 2002 agreement (Marland is not fluent in English) and had relied on his French counsel (who was associated with Thelen) to negotiate it – although the evidence was undisputed that Marland relied on his French counsel to negotiate the agreement, and the allegedly fraudulent statements were made to that counsel.

Finally, the district court also held that Marland's claims relating to events after 2002 could not withstand summary judgment that the 2002 agreement was enforceable – even though Thelen had conceded at oral argument that its motions, even if granted in full, would not dispose of all of Marland's claims. However, the court noted that there might be events not in the pleadings that post-dated 2002 agreement – an apparent reference to Thelen's withholding over $600,000 in fees owed to Marland, at least – and denied Thelen's request for an injunction of Marland's arbitration.

### 3. PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL:

1. The district court erred as a matter of law in holding that Rule 3-300 of the Rules of Professional Conduct, and Section 16004 of the California Probate Code, did not apply to Thelen's conduct in withdrawing from its initial attorney-client agreement with Marland for the purpose of negotiating a new, more favorable agreement. Had the court correctly applied Rule 3-300 and Section 16004, Marland would be entitled to summary judgment in his favor, inasmuch as Thelen did not plead or offer proof that its conduct complied with California ethical and fiduciary rules regarding renegotiated fee agreements.

2. The district court erred as a matter of law in holding that Thelen complied with Rule 3-400 of the Rules of Professional Conduct in negotiating the 2002 release. Had the court correctly applied Rule 3-400, Marland would be entitled to summary judgment in his favor based on the undisputed facts in the record.

3. The district court erred as a matter of law in (a) dismissing Marland's affirmative defenses to enforcement of the 2002 amendment, including his defense that the amendment was procured by fraud, (b) first, second, fourth, and fifth counterclaims, each of which were supported by ample evidence that at least raised genuine issues of material fact regarding those affirmative claims and defenses, and (c) denying Marland's motion for summary judgment on his second counterclaim, for breach of contract, which was also proven from the undisputed facts in the record.

4. The district court erred as a mater of law, and ignored the law of the case, in dismissing Marland's claims seeking forfeiture of Thelen's fees for ongoing and material breaches of fiduciary duty, culminating in (but not limited to) Thelen's late-2005

appearance in opposition to his request for reimbursement of fees and expenses in the *qui tam* action, which was a matter of record.

     5. The district court erred as a matter of law in denying Marland's motion to dismiss Thelen's counter-counterclaims as moot, instead of dismissing them as untimely and improperly pled, and that portion of his motion seeking an order that Thelen to pay the over $600,000 in fees that Thelen owed Marland under even the reduced fee-sharing ratio of the 2002 amendment, plus the fees and costs Marland incurred in litigating that claim.

**4. PLEASE IDENTIFY OTHER LEGAL PROCEEDING THAT MAY HAVE A BEARING ON THIS CASE (INCLUDE PENDING DISTRICT COURT POSTJUDGMENT MOTIONS):**

     <u>François Marland and RoNo LLC vs. Thelen Reid and Priest LLP</u>, 50 180T 00082 06 (International Center for Dispute Resolution – arbitration)

**5. DISTRICT COURT DISPOSITION**
**RELIEF**
**DAMAGES:**
     None awarded.
     A.    Money retained during action by plaintiff, counterdefendant and counter-counterclaimant Thelen Reid Brown Raysman & Steiner LLP ("Thelen") which is agreed to be due and owing to François Marland, defendant, counterclaimant and counter-counterdefendant ("Marland").
**SOUGHT:**    $ 612,500
**AWARDED: $ 0**
     B.    The difference between the fees payable to Marland under the "June 1999 Agreement" and the fees payable under the "December 2002 Agreement".
**SOUGHT:**    **over $10,000,000, with the precise amount to be determined at trial and pending resolution of litigation from which Thelen is entitled to recover fees.**
**AWARDED: $ 0**
     C.    Marland's claims for damages and for forfeiture of Thelen's fees beyond the amounts due to Thelen under the "June 1999 Agreement".
**SOUGHT:**    **over $25,000,000, with the precise amount to be determined at trial and pending resolution of litigation from which Thelen is entitled to recover fees.**
**AWARDED: $ 0**

**INJUNCTION:**
     Plaintiffs Thelen sought to enjoin a pending arbitration in New York, filed by Marland in February 2006. This request was denied.

## Service List

DONALD W. CARLSON
GUY D. CALLADINE
CARLSON, CALLADINE & PETERSON LLP
353 Sacramento Street, 16th Floor
San Francisco, California 94111
Telephone:   (415) 391-3911
Facsimile:    (415) 391-3898

And

ANDREW W. HAYES
HAYES & HARDY LLP
1 Rockefeller Plaza, Suite 1005
New York, New York  10020
Telephone:   (212) 554-3120
Facsimile:    (212) 554-3121

Attorneys for
FRANÇOIS MARLAND
and
SUSANNAH MAAS

ROBERT A. VAN NEST
WENDY J. THURM
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for
THELEN REID BROWN RAYSMAN & STEINER LLP

EVAN S. NADEL
SQUIRE, SANDERS & DEMPSEY, LLP
One Maritime Plaza, Suite 300
San Francisco, CA
Telephone: (415) 954-0200
Facsimile: (415) 393.9887

Attorneys for
PHILIPPE BRUNSWICK