KEKER & VAN NEST, LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
WENDY J. THURM - #163558
wthurm@kvn.com
BENEDICT Y. HUR - #224018
BENJAMIN BERKOWITZ - #244441
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
THELEN REID BROWN RAYSMAN & STEINER LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| THELEN REID BROWN RAYSMAN & STEINER LLP, | Case No. |
|---|---|
| Plaintiff, | ***EX PARTE* APPLICATION FOR <u>TEMPORARY RESTRAINING ORDER</u> AND <u>PRELIMINARY INJUNCTION</u> BY PLAINTIFF THELEN REID BROWN RAYSMAN & STEINER LLP;** |
| v. | |
| FRANÇOIS MARLAND, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| Defendant. | |

**TABLE OF CONTENTS**

**Page**

EX PARTE APPLICATION ..................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................................2

I.   INTRODUCTION ........................................................................................................................2

II.  FACTUAL BACKGROUND.......................................................................................................3

III. ARGUMENT.................................................................................................................................8

   A.  The Court should enter a Temporary Restraining Order and Preliminary Injunction prohibiting Marland and his agents, including RoNo, from proceeding with the New York Arbitration. ........................................8

   B.  Thelen is likely to succeed on the merits because there is no valid and existing arbitration agreement between Thelen and Marland or RoNo. ..................8

   C.  Thelen will suffer irreparable harm if the Court does not enter a Temporary Restraining Order and Preliminary Injunction. ....................................9

   D.  The balance of hardships weighs in Thelen's favor...............................................10

IV.  CONCLUSION...........................................................................................................................11

i

EX PARTE APPLICATION BY PLAINTIFF THELEN REID BROWN RAYSMAN & STEINER LLP FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO.

# TABLE OF CONTENTS

**Page**

## CASES

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
    475 U.S. 643 (1986)..............................................................................................9, 11

*Apple Computer, Inc. v. Formula Int'l, Inc.*,
    725 F.2d 521 (9th Cir. 1984) .................................................................................8

*Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers*,
    584 F.2d 308 (9th Cir. 1978) .................................................................................8

*First Options v. Kaplan*,
    514 U.S. 938 (1995)...............................................................................................9

*Green Tree Financial Corp. v. Bazzle*,
    539 U.S. 444 (2003)..........................................................................................9, 11

*Gruntal & Co., Inc. v. Steinberg*,
    854 F. Supp. 324 (D.N.J. 1994)............................................................................10

*Tellium, Inc. v. Corning, Inc.*,
    2004 WL 307238 (S.D.N.Y. Feb. 13, 2004)........................................................10

*Textile Unlimited, Inc. v. A.BMH & Co., Inc.*,
    240 F.3d 781 (9th Cir. 2001) ..............................................................8, 9, 10, 11

*United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*,
    363 U.S. 574 (1960)..............................................................................................11

*World Group Secs. v. Ko*,
    2004 WL 1811145 (N.D. Cal. Feb. 11, 2004) ..............................................9, 10, 11

## STATUTES

Fed. R. Civ. P. 65..............................................................................................................1

Federal Arbitration Act, 9 U.S.C. §§ 1-14..............................................................1, 3, 8

Code of Civil Procedure § 340.6.....................................................................................5

ii

EX PARTE APPLICATION BY PLAINTIFF THELEN REID BROWN RAYSMAN & STEINER LLP FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO.

# EX PARTE APPLICATION

Plaintiff Thelen Reid Brown Raysman & Steiner LLP ("Thelen") hereby moves this Court for a Temporary Restraining Order and Preliminary Injunction prohibiting Defendant Francois Marland ("Marland") from proceeding with an arbitration he initiated with the American Arbitration Association in New York (the "New York Arbitration"). The New York Arbitration is being administered by the International Center for Dispute Resolution ("ICDR"). On November 5, 2007, the ICDR ruled—over Thelen's objections—that the New York Arbitration would go forward and gave Thelen a deadline of **November 8, 2007 at 12 noon Eastern Standard Time** to state how Thelen wishes to proceed with the selection of an arbitrator.

This motion is brought pursuant to FED. R. CIV. P. 65 and the Federal Arbitration Act, 9 U.S.C. §§ 1-14, on the following grounds: (1) Marland's arbitration demand rests on an arbitration provision in a February 1999 Agreement between the parties; (2) in a prior action filed in this Court, entitled *Thelen Reid Brown Raysman & Steiner LLP v. Francois Marland et al*, Case No. C 06-2071 VRW ("*Thelen v. Marland I*"), Chief Judge Vaughn Walker held that the February 1999 was replaced and superceded by a December 2002 Agreement, which is now the only valid and enforceable agreement between Thelen and Marland; and (3) the December 2002 Agreement does not provide for arbitration.

Under governing Ninth Circuit law, Thelen is likely to succeed in showing that it does not have an agreement to arbitrate disputes with Marland. Under governing Ninth Circuit law, Thelen would be irreparably harmed if it were forced to participate in any way in the New York Arbitration. The ICDR has requested that Thelen state in writing by **noon EST on Thursday, November 8** how it wishes to proceed with the selection of an arbitrator. Thelen therefore respectfully requests that the Court enter a Temporary Restraining Order **today (Wednesday, November 7)** prohibiting Marland from proceeding in any way with the New York Arbitration.

This *Ex Parte* Application is based upon the Memorandum of Points and Authorities, the declarations and supporting exhibits submitted herewith, the Request for Judicial Notice

1

submitted herewith, the pleadings and papers on file, and such other oral argument and documentary evidence as may be presented at a hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Thelen seeks immediate entry of a Temporary Restraining Order and Preliminary Injunction to prohibit Marland from proceeding with the New York Arbitration because there is no valid and enforceable arbitration agreement between the parties.

Marland initiated the New York Arbitration in February, 2006 relying on a February 1999 Agreement with Thelen that did contain an arbitration provision. Thelen then filed *Thelen v. Marland I* in this Court seeking to enjoin the New York Arbitration. Thelen alleged that the February 1999 Agreement had been replaced and superceded by a December 2002 Agreement, which did not contain an arbitration provision but did contain a broad waiver and release provision barring the claims Marland sought to arbitrate. Marland counterclaimed, raising in this Court all of the claims and allegations that were the subject of his arbitration demand.

After months of extensive discovery, and cross-motions for summary judgment, on August 1, 2007, Chief Judge Vaughn Walker granted summary judgment for Thelen and denied summary judgment for Marland. In his Order, Judge Walker held that the December 2002 Agreement was valid and enforceable, that it replaced and superceded the February 1999 Agreement, and that the waiver and release provision barred all of Marland's counterclaims. Judge Walker denied Thelen's request to permanently enjoin the New York Arbitration, holding that the request was moot, because all of Marland's claims had been resolved by the Court's August 1 Order. Marland appealed the judgment to the Ninth Circuit Court of Appeals.

Last month, Marland sought to re-activate the New York Arbitration, arguing that the arbitration should proceed because Judge Walker had not enjoined the New York Arbitration. Thelen objected on the ground that there is no valid and enforceable agreement between the parties to arbitrate any disputes, and, in any event, Judge Walker's August 1 Order had resolved all of the claims Marland asserted in the New York Arbitration. On November 5, 2007, the

1  ICDR re-activated the New York Arbitration and gave Thelen until **Thursday, November 8 at**
2  **12 noon EST** to state how it wished to proceed in selecting an arbitrator.
3      Thelen now seeks a Temporary Restraining Order and Preliminary Injunction barring
4  Marland from proceeding with the New York Arbitration because the only valid and enforceable
5  agreement between Thelen and Marland does <u>not</u> provide for arbitration.  Under governing Ninth
6  Circuit law, Thelen is likely to succeed on the merits and will suffer irreparable harm if it is
7  forced to participate in an arbitration in the absence of <u>any</u> agreement to arbitrate.

8  **II.     FACTUAL BACKGROUND**

9      In February 1999, Thelen entered into a written attorney-client agreement with Marland
10 and a shell corporation named RoNo LLC ("the February 1999 Agreement").[1]  RoNo was
11 created in 1999 as a Delaware limited liability corporation, with Marland as its sole owner.[2]
12 RoNo's only function was to protect Marland's anonymity by serving as the plaintiff in a *qui tam*
13 action in which Marland was the whistleblower.[3]  According to the Delaware Secretary of State,
14 RoNo is not currently a corporation in good standing.[4]
15     The February 1999 Agreement contained an arbitration clause with respect to disputes
16 between the parties under that Agreement.[5]  Thelen and Marland restructured the terms of their
17 relationship several times, by executing additional written agreements in June 1999, September
18 2001 and December 2002.[6]
19     As part of the December 2002 Agreement, Marland released Thelen from all claims
20 arising from their professional and contractual relationship, whether known or unknown, whether

---

[1] Declaration of Wendy J. Thurm in Support of *Ex Parte* Application ("Thurm Decl."), Exs. B, C.

[2] Request for Judicial Notice ("RJN"), Ex. 4, ¶ 20.

[3] *Id.*

[4] RJN, Ex. 13 (Information available on Delaware Secretary of State's website, www.sos-res.state.de.us/tin/GINameSearch.jsp).

[5] Thurm Decl., Ex. B, ¶ 23.

[6] Thurm Decl., Exs. C, D & E; RJN, Ex. 4, ¶ 30.

1  sounding in contract or tort.[7]  The December 2002 Agreement supersedes all prior agreements
2  between the parties, including the February 1999 Agreement.[8]  The December 2002 Agreement
3  does not contain an arbitration clause.[9]  To the contrary, Marland agreed to submit to the
4  jurisdiction of a court in California to resolve any disputes arising from the December 2002
5  Agreement, pursuant to California law.[10]

6  In early 2006, Marland initiated the New York Arbitration with the American Arbitration
7  Association ("AAA"), seeking to enforce rights and recover damages with respect to the
8  February 1999 Agreement.[11]  The AAA assigned the proceeding to the International Centre for
9  Dispute Resolution ("ICDR") for administrative purposes.  Thelen objected to the arbitration
10  proceeding on several grounds.  First, Thelen argued that the February 1999 Agreement was
11  terminated and superseded by the December 2002 Agreement, which does not contain an
12  arbitration clause.  Second, Thelen argued that the December 2002 Agreement contains a release
13  of all claims asserted by Marland in his demand for arbitration.  Third, Thelen argued that
14  Marland's claims are time-barred by California's legal malpractice statute of limitations.[12]

15  Thelen promptly filed a complaint in this Court entitled *Thelen Reid Brown Raysman &*
16  *Steiner LLP v. Francois Marland et al*, Case No. C 06-2071 VRW ("*Thelen v. Marland I*"),
17  seeking to enforce the December 2002 Agreement and enjoin Marland from pursuing the New
18  York Arbitration.[13]  The case was assigned to Chief Judge Walker.  In its complaint and
19  subsequent amended pleadings, Thelen requested that this Court (1) declare the December 2002
20  Agreement valid and enforceable; (2) declare that Marland had released Thelen from claims
21  arising out of their attorney-client relationship, including the claims asserted in the New York

---

[7] Thurm Decl., Ex. F, ¶ C.3.
[8] Thurm Decl., Ex. F, p. 1.
[9] Thurm Decl., Ex. F.
[10] Thurm Decl., Ex. F, ¶ C.9.
[11] Declaration of John J. Kerr, Jr. in Support of *Ex Parte* Application ("Kerr Decl."), Ex. 1.
[12] Kerr Decl., Ex. 2.
[13] RJN, Ex. 1.

28

4

EX PARTE APPLICATION BY PLAINTIFF THELEN REID BROWN RAYSMAN & STEINER LLP FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT
CASE NO.

Arbitration; (3) declare that the claims asserted in the New York Arbitration were barred by the statute of limitations; and (4) enjoin Marland from pursuing the New York Arbitration against Thelen.[14] In May, 2006, this Court entered a consent order which stayed the New York Arbitration pending the Court's final order on Thelen's motion for a preliminary injunction against Marland.[15] The ICDR placed the arbitration proceeding in abeyance, pending resolution of *Thelen v. Marland I*.[16]

Later in May, 2006, Marland filed an answer to Thelen's first amended complaint and asserted five counterclaims against Thelen: (1) breach of fiduciary duty; (2) breach of a June 1999 fee-sharing agreement; (3) bad faith denial of contract; (4) intentional misrepresentation and failure to disclose known facts; and (5) negligence.[17] Marland admitted that his counterclaims mirrored the claims he (and RoNo) had asserted against Thelen in the New York Arbitration; in fact, he attached as Exhibit A to his counterclaims a copy of his Amended Description of Claims in the New York Arbitration.[18] Thelen answered the counterclaims and filed counter-counterclaims against Marland for declaratory relief and money had and received.[19]

After extensive written and deposition discovery, Thelen filed a motion for partial summary judgment in March, 2007, on the ground that Marland's counterclaims for breach of fiduciary duty and negligence are time-barred under California's legal malpractice statute of limitations (Code of Civil Procedure § 340.6).[20] One month later, Thelen and Marland filed cross-motions for summary judgment. In its motion, Thelen sought summary judgment on (1) its first claim for declaratory relief (that the December 2002 Agreement is valid and enforceable); (2) all of Marland's counterclaims; and (3) Marland's affirmative defense of fraud.[21] In his

---

[14] RJN, Ex. 2.
[15] RJN Ex. 3.
[16] Kerr Decl., Ex. 3.
[17] RJN, Ex. 4.
[18] RJN, Ex. 4 (Counterclaims, ¶ 2; Ex. A).
[19] RJN, Ex. 5.
[20] RJN, Ex. 6.
[21] RJN, Ex. 7.

motion, Marland sought summary judgment on (1) six affirmative defenses to Thelen's first claim for declaratory relief; (3) Thelen's counter-counterclaims for declaratory relief and money had and received; and (3) his counterclaim for breach of contract.[22]

Judge Walker heard oral argument on the parties' motions on May 10, 2007.[23] On August 1, 2007, Judge Walker issued a 57-page order granting summary judgment for Thelen and denying summary judgment for Marland.[24] In his August 1, 2007 order, Judge Walker ruled that the December 2002 Agreement is valid and enforceable as a matter of law and that it "replaced 'any and all other agreements' between the parties," thus barring Marland's counterclaim for breach of the June 1999 agreement.[25]

Judge Walker further held that Marland's counterclaims for breach of fiduciary duty, fraud and negligence were barred by the waiver and release provision in the December 2002 Agreement and that Marland's counterclaim for bad faith denial of contract did not state a claim under California law. Judge Walker also granted summary judgment for Thelen on Marland's affirmative defense of fraud.[26]

Judge Walker declined to reach the merits of Thelen's motion for partial summary judgment on statute of limitations grounds, holding that Marland's allegations of improper conduct that post-dated the December 2002 Agreement did not suffice to give rise to claims for breach of fiduciary duty, fraud and negligence.[27] Judge Walker also declined to reach the merits of Thelen's counter-counterclaims, finding that the claims were moot in light of the Court's decision that the December 2002 Agreement is valid and enforceable.[28]

---

[22] RJN, Ex. 8.
[23] RJN, Ex. 9.
[24] RJN, Ex. 10.
[25] RJN, Ex. 10, at 53:25-54:5.
[26] RJN, Ex. 10, at 54:5-22.
[27] RJN, Ex. 10, at 54:22-55:9.
[28] RJN, Ex. 10, at 54:14-21.

Judge Walker also denied as moot Thelen's request to permanently enjoin the New York Arbitration, stating: "[I]t is clear from the above discussion that the parties have litigated their claims here to final resolution. Indeed, this order eliminated those claims. This resolution binds the parties on the litigated claims and moots the necessity of injunctive relief. To the extent there remain other claims *not here litigated*, those claims may be arbitrated or litigated elsewhere. Injunctive relief is not required here."[29]

On August 23, 2007, Marland filed a Notice of Appeal with the Ninth Circuit, together with a Ninth Circuit Civil Appeals Docketing Statement.[30] In his Docketing Statement, Marland admitted that the claims he had asserted in the New York Arbitration were the same claims that he had asserted "as counterclaims in the district court."[31]

After appealing this Court's summary judgment order to the Ninth Circuit, Marland sought to re-start the New York Arbitration against Thelen, arguing that Judge Walker had not enjoined the arbitration proceeding.[32] Thelen objected to any re-activation of the New York Arbitration, arguing that Judge Walker's August 1, 2007 Order (1) fully adjudicated the issues raised by Marland's arbitration demand; and (2) held that the February 1999 Agreement—on which Marland relied in demanding arbitration—was replaced and superceded by the December 2002 Agreement, which does not provide for arbitration.[33]

On November 5, 2007, the ICDR issued a letter re-activating the New York Arbitration and notifying Thelen and Marland that it intended to proceed with the process of appointing an arbitrator.[34] In that letter, the ICDR gave Thelen a deadline of **Thursday, November 8, 2007 at noon EST** to advise the ICDR of how it wish to proceed in selecting an arbitrator to adjudicate Marland's claims.

---

[29] RJN, Ex. 10, at 56:20-28 (emphasis added).
[30] RJN, Exs. 11 & 12.
[31] RJN, Ex. 12, at § 2.
[32] Kerr Decl., Exs. 4 & 5.
[33] Kerr Decl., Ex. 6.
[34] Kerr Decl., Ex. 7.

Two days after receiving the notice from the ICDR, Thelen filed its Complaint in this action and this *Ex Parte* Application for Temporary Restraining Order and Preliminary Injunction to prohibit Marland from proceeding with the New York Arbitration.

### III.     ARGUMENT

**A.     The Court should enter a Temporary Restraining Order and Preliminary Injunction prohibiting Marland and his agents, including RoNo, from proceeding with the New York Arbitration.**

A party is entitled to temporary injunctive relief when it shows a likelihood of success on the merits and the possibility of irreparable injury. *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F. 2d 521, 523 (9th Cir. 1984). The Ninth Circuit has articulated two tests to determine whether such injunctive relief is proper. The "traditional test" requires a plaintiff to establish four elements: (1) a strong likelihood of success on the merits; (2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is denied; (3) the balance of hardships favors the plaintiff; and (4) the injunction will not disserve the public interest. *Textile Unlimited, Inc. v. A.BMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001). The "alternative test" states that a plaintiff may establish *either* (1) a combination of probable success on the merits and the possibility of irreparable injury *or* (2) serious questions as to these matters and the balance of hardships tips sharply in the plaintiff's favor. *Id.* These are not separate tests, but the outer reaches "of a single continuum." *Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978).

**B.     Thelen is likely to succeed on the merits because there is no valid and existing arbitration agreement between Thelen and Marland or RoNo.**

Under the Federal Arbitration Act, 9 U.S.C. §§ 1-14, federal courts have authority to determine whether an arbitration agreement exists between the parties. An arbitrator does *not* have the authority to make this determination. *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 452 (2003). The only exception to this rule arises in the limited circumstances where the parties "clearly and unmistakably" grant the arbitrator the authority to decide whether the dispute

1  is arbitrable.  *First Options v. Kaplan*, 514 U.S. 938, 943 (1995); *AT&T Techs., Inc. v.*
2  *Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986).
3        Thelen and Marland have not "clearly and unmistakably" granted *any* authority to an
4  arbitrator, because there is no valid and enforceable arbitration agreement between the parties at
5  all.  As this Court held in *Thelen v. Marland I*, the December 2002 Agreement is the only valid
6  and enforceable agreement between the parties because it "replaced 'any and all other
7  agreements' between the parties."[35]  The December 2002 Agreement does not contain an
8  arbitration clause.  Instead, Marland and Thelen agreed to submit disputes arising from the
9  December 2002 Agreement to a court in California and to resolve such disputes under California
10  law.[36]
11        Without a valid and enforceable agreement to arbitrate its disputes with either Marland or
12  RoNo, Thelen cannot be forced to do so. "[A]rbitration is a matter of contract and a party cannot
13  be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T*
14  *Techs., Inc.*, 475 U.S. at 649 (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation*
15  *Co.*, 363 U.S. 574, 582 (1960)); *see also Textile Unlimited*, 240 F. 3d at 786.  Where, as here, no
16  arbitration agreement exists at all, the likelihood of Thelen's success on the merits is "very
17  high."  *World Group Secs. v. Ko*, 2004 WL 1811145, at *7 (N.D. Cal. Feb. 11, 2004).

**C.  Thelen will suffer irreparable harm if the Court does not enter a Temporary Restraining Order and Preliminary Injunction.**

20        Thelen will suffer irreparable harm unless the Court enjoins Marland (acting for himself
21  and RoNo) from proceeding with the New York Arbitration.  Under prevailing Ninth Circuit law,
22  a party will suffer irreparable harm if it is forced to proceed in a private arbitration where the
23  parties have not agreed to arbitrate their disputes.  *Textile Unlimited*, 240 F. 3d at 786, 789
24  (affirming a finding that arbitration absent consent constitutes irreparable harm); *World Group*,
25  2004 WL 1811145, at *7 (finding that arbitration absent consent constitutes irreparable harm).

---

[35] RJN, Ex. 10, at 54:2-3.

[36] Thurm Decl., Ex. F, ¶ C.9.

9

1  Other courts have held that "compelling arbitration of a matter not properly subject to arbitration
2  constitutes 'per se irreparable harm'" because the time and resources that would be expended to
3  defend an arbitration are not compensable. *Tellium, Inc. v. Corning, Inc.*, 2004 WL 307238, at *
4  3 (S.D.N.Y. Feb. 13, 2004) (citations omitted); *see also Gruntal & Co., Inc. v. Steinberg*, 854 F.
5  Supp. 324, 342 (D.N.J. 1994) (cited in *World Group*, 2004 WL 1811145, at *7).
6       Here, there is no valid and enforceable arbitration agreement between Thelen and
7  Marland/RoNo.  Nevertheless, the ICDR has ordered Thelen to participate in the selection of an
8  arbitrator and to prepare for arbitration with Marland.[37]  Indeed, the ICDR has already set a
9  deadline of **November 8, 2007 at 12 noon EST** for Thelen to participate in the selection of an
10  arbitrator.[38]  Without a Temporary Restraining Order and Preliminary Injunction, Thelen will be
11  forced to arbitrate a dispute that is not subject to arbitration, and that Judge Walker fully resolved
12  in *Thelen v. Marland I*.  Under these circumstances, Thelen has made an adequate showing of
13  irreparable harm.

**D.   The balance of hardships weighs in Thelen's favor.**

15       Thelen would suffer a greater hardship if its request for a Temporary Restraining Order
16  and Preliminary Injunction were wrongly decided.  A Temporary Restraining Order and
17  Preliminary Injunction will maintain the status quo, pending this Court's resolution of Thelen's
18  claims in this action.  To the extent Marland or RoNo have any valid and arbitrable claims
19  against Thelen, a TRO and Preliminary Injunction will merely delay resolution of those claims.
20  On the other hand, if the Court denies Thelen's request for a TRO and Preliminary Injunction,
21  Thelen will be forced to expend its time and resources to defend itself in the New York
22  Arbitration in the absence of a valid arbitration agreement.  Under these circumstances, the
23  balance of hardships weighs decidedly in Thelen's favor.  *See Textile Unlimited*, 240 F. 3d at
24  786, 789; *see also World Group*, 2004 WL 1811145, at *8.

---

[37] Kerr Decl., Ex. 7.

[38] Kerr Decl., Ex. 7.

10

EX PARTE APPLICATION BY PLAINTIFF THELEN REID BROWN RAYSMAN & STEINER LLP FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT
CASE NO.

1  balance of hardships weighs decidedly in Thelen's favor. *See Textile Unlimited*, 240 F. 3d at
2  786, 789; *see also World Group*, 2004 WL 1811145, at *8.

3     Moreover, the public interest is served when a federal court takes action to enjoin an
4  arbitration when the parties have not agreed to resolve their disputes through arbitration. *See*
5  *Green Tree Financial Corp.*, 539 U.S. at 452; *AT&T Techs., Inc.*, 475 U.S. at 649; *United*
6  *Steelworkers*, 363 U.S. at 582; *Textile Unlimited*, 240 F. 3d at 786, 789; *World Group*, at *24-
7  *25, 2004 WL 1811145, at *8. As there is no valid and enforceable arbitration agreement
8  between Thelen and Marland or RoNo, a TRO and Preliminary Injunction prohibiting Marland
9  from proceeding with the New York Arbitration will be in the public interest.

## IV. CONCLUSION

For the foregoing reasons, Thelen respectfully requests that this Court immediately enter a Temporary Restraining Order and Preliminary Injunction prohibiting Marland (for himself and RoNo) from proceeding with the New York Arbitration, pending this Court's resolution of Thelen's claims.

Dated: November 7, 2007

KEKER & VAN NEST, LLP

By: *Wendy J. Thurm* (signature)
WENDY J. THURM
Attorneys for Plaintiff
THELEN REID BROWN RAYSMAN & STEINER LLP

11

EX PARTE APPLICATION BY PLAINTIFF THELEN REID BROWN RAYSMAN & STEINER LLP FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO.

405827.02