# EXHIBIT B



## ATTORNEY-CLIENT AGREEMENT

Thelen Reid & Priest, LLP ("TR&P") and Francois Marland ("Client"), individually and as the beneficial owner of RoNo, LLC ("RoNo") hereby agree as follows:

### Background

1. Client has heretofore provided information to TR&P concerning certain matters within his personal knowledge relating to the circumstances under which Credit Lyonnais, S. A., Altus Finance, S.A. and other entities (collectively the "Altus Defendants") came to acquire control of certain portions of the bond portfolio and insurance assets of Executive Life Insurance Company ("ELIC").

2. Using that information and their own knowledge of events surrounding the ELIC rehabilitation/liquidation proceedings TR&P attorneys have been engaged in an effort to persuade the California Department of Insurance to initiate legal proceedings against Credit Lyonnais, Altus and other companies and individuals that acquired the bond portfolio and insurance assets of ELIC. While the Department has indicated a willingness to retain TR&P to conduct a further investigation and pursue potential claims against the Altus Defendants, it has been unwilling to date to pay any fee to Client for the information that he has provided, nor has it been willing to pay legal fees to TR&P that are adequate to allow TR&P to fully compensate Client for the information and strategic assistance that he has provided, and expects to provide, in pursuing these claims.

3. Client wishes to file a California False Claims Act (Qui Tam) complaint on behalf of the State of California and the Commissioner of Insurance against the Altus Defendants and pursue these claims with or without the assistance and participation of the Commissioner

4. At Client's request TR&P has caused RoNo to be formed as a Delaware limited liability corporation and has filed applications required for RoNo to be qualified to do business in the state of California. The parties understand that Client is and will remain, directly or indirectly, the beneficial owner of RoNo.

5. Client wishes to engage TR&P to represent his interests, individually and as embodied in RoNo, in pursuing possible recoveries against the Altus Defendants on behalf of the Commissioner and the State of California.

### Scope Of Services

6. TR&P agrees to provide all legal assistance and legal advice reasonably necessary to investigate and pursue claims against the Altus Defendants arising under California law in connection with the transactions by which they acquired control over the junk bond portfolio and insurance assets of ELIC, including:
    (a). filing a qui tam complaint in San Francisco County Superior Court and pursuing claims against the Altus Defendants in that litigation;

EXHIBIT 02
FOR IDENTIFICATION
ERIC GILLIAM CSR 3338
11/19/06
WITNESS O'Neal

(b). filing a motion to reopen the ELIC rehabilitation/liquidation proceedings in Los Angeles County Superior Court and pursuing claims against the Altus Defendants in that proceeding;

(c). providing legal advice and assistance to the Commissioner of Insurance and/or the California Attorney General in connection with the qui tam litigation;

(d). negotiating possible settlements with one or more of the Altus Defendants;

(e). initiating or participating in other civil or administrative actions relating to possible claims arising out of the transactions described herein; and

(f). Representing Client's interests in any appellate proceedings that may arise from any of the foregoing actions.

### Attorney Fees

7. In consideration for the services to be performed in connection with this representation, Client agrees to pay TR&P a fee calculated as follows:

(a). **Settlement Prior to November 1999.** In the event and to the extent that any of the claims against the Altus Defendants are settled prior to November 1, 1999, TR&P shall be paid a fee equal to forty (40%) of any gross recovery that Client or RoNo receives from any source as a result of the pursuit of these claims.

(b). **Subsequent Recoveries.** In the event and to the extent that claims against the Altus Defendants are settled or result in a judgment on or after November 1, 1999, TR&P shall be paid fifty percent (50%) of any gross recovery that Client or RoNo receives from any source as a result of the pursuit of these claims.

(c) **Partial Offset.** The amounts otherwise payable to TR&P as legal fees pursuant to subparagraphs (a) or (b) above shall be reduced by fifty percent (50 %) of the legal fees, if any, that TR&P is awarded by a Court, or recovers by way of settlement, for serving as counsel in the qui tam litigation.

### Costs And Disbursements

8.) Client shall reimburse TR&P for all costs and disbursements that TR&P incurs in the investigation and prosecution of the claims that are the subject of this Agreement, including filing fees, service of process charges, local and long distance travel (including meals, lodging, transportation and airfare), reproduction and photocopying costs, deposition transcripts, witness fees, long distance telephone and telecopier charges, postage, messenger and overnight delivery fees and charges for computerized legal research. For this purpose Client shall maintain a disbursement account with TR&P in an amount of not less than $20,000. TR&P will send Client monthly statement describing the expenses charged to the account, but the invoices will be paid from the disbursement account as long as sufficient funds remain. If the balance in the disbursement account drops below $10,000, TR&P will have the right to require that the account be restored to a balance of $20,000. All costs and disbursements reasonably incurred in the investigation or prosecution of these claims shall be reimbursed to Client (or TR&P, if it has incurred disbursements not previously reimbursed) out of any gross recovery before any allocation of legal fees or recoveries pursuant to paragraph 7.

9.) TR&P shall have the right to ask that the Client make arrangements to pay costs and disbursements items exceeding $5000 and shall not incur any individual cost or disbursement in excess of $1000 without prior approval from Client.

### European Counsel

10.) With the concurrence of TR&P, Client may, retain and associate counsel in France or elsewhere in Europe to assist in investigating and prosecuting these claims. TR&P agrees to cooperate with such counsel in developing strategies and negotiating with the Altus Defendants in Europe. Such counsel shall initially not participate in any litigation filed in the United States without the express consent of TR&P. All expenses incurred by Client for legal fees for such European counsel shall be borne by Client. TR&P shall reimburse client for one-half (50%) of the fees incurred for such European counsel to the extent that TR&P recovers its contingent legal fees or is awarded legal fees by a court in an amount sufficient to make the reimbursement.

### Attorney's Lien

11.) Client, for himself and RoNo, hereby grants TR&P a lien on the claims or causes of action that are the object of this representation, on any sums recovered by way of settlement, and on any judgment that may be recovered, for the sums and percentage shares referred to in this Agreement for payment of attorneys fees due to TR&P pursuant to Paragraph 6.

### Substitution Or Discharge Of Attorneys

12.) TR&P shall be entitled to receive its contingent share of any settlement of or judgment on any of the claims that are the subject of this Agreement to the full extent allowable under California law, notwithstanding any decision by Client to discharge TR&P or to substitute other counsel in its place before or after such settlement or judgment is achieved.

### Favorable Outcome Not Guaranteed

13.) Nothing in this Agreement and nothing said by TR&P to Client or any of his representatives shall be construed as a promise or guarantee about the outcome of this representation or the value of any claims that may be pursued. Client acknowledges that all statements made by TR&P concerning these matters are statements of opinion only.

### Charges To Client Contingent On Recovery

14.) The parties expressly understand that, in the event no recovery is obtained on the claims that are the subject of this Agreement, TR&P shall not make any charges to Client other than for costs and disbursement expenses incurred, nor shall Client be liable to pay any charges other than for costs or disbursements that TR&P may have incurred.

### Errors And Omissions Insurance

15.) TR&P maintains errors and omissions insurance coverage that is applicable to the services that it is to render pursuant to this Agreement.

### Confidentiality

16.) TR&P and Client each agree to maintain the confidentiality of any non-public information provided by Client concerning the background of the ELIC transactions and to disclose such information only (i) to parties and attorneys directly involved in the investigation or prosecution of the ELIC claims who have a need to know, or (ii) as may be required by law.

### Attorneys Fees Not Set By Law.

17.) Client acknowledges that the attorney fees to be paid pursuant to this Agreement are not set by law and have been fairly negotiated between the parties.

### Notices.

18.) All notices, requests, consents and other communications hereunder must be in writing and will be deemed to have been duly given only if delivered personally or by facsimile (with the hard copy mailed by first class mail) or mailed (first class postage prepaid) or sent by overnight courier to the parties hereto at the following addresses or facsimile numbers:

Page 4

If to TR&P to:

>THELEN REID & PRIEST LLP
>2 Embarcadero Center
>Suite 2100
>San Francisco, CA 94111-3995
>Telecopier: 415-421-1068
>Attention: Gary Fontana, Esq.

If to Client, to:

>Francois Marland
>c/o Susana Maas
>Rue Eynard
>Geneva, Switzerland
>Telecopier: (41-22) 319-7333

All such notices, requests, consents and other communications will (i) if delivered personally to the address as provided in this Section, be deemed given upon delivery, (ii) if delivered by facsimile to the facsimile number as provided in this Section, be deemed given upon receipt, and (iii) if delivered by mail in the manner described above or by overnight courier to the address as provided in this Section, be deemed given upon receipt. Either party hereto from time to time may change its address, facsimile number or other information for the purpose of notices to that party by giving notice specifying such change to the other party.

### No Assignments.

19.) No party hereto may assign all or any portion of its rights or obligations hereunder without the prior written consent of the other party.

### Entire Agreement.

20.) This Agreement represents the entire agreement between the parties hereto with respect to the subject matter hereof. Neither party hereto has made any representation or warranty to the other party hereto with respect to the subject matter hereof except as expressly set forth in this Agreement.

### Severability.

21.) The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision hereof. If any provision of this Agreement is so broad as to be unenforceable, such provision shall be construed to be only so broad as is enforceable.

### Termination and Right to Withdraw

22.) Either party shall have the right to withdraw from this Agreement without liability of any kind to the other provided that:

    (a)    the party wishing to withdraw shall give thirty days written notice to the other;

    (b)    the withdrawing party shall remain liable for any breach of its obligations under this Agreement prior to the date of withdrawal; and

    (c)    the withdrawing party shall assign to the other party all its rights under this Agreement and any claim that may have to any recovery or award as a result of its pursuit of the qui tam litigation.

### Arbitration of Disputes

23.) All disputes which may arise concerning this Agreement shall be submitted to binding arbitration under the rules and regulations of the American Arbitration Association using a single arbitrator. The arbitration shall take place in New York City or such other place as the parties may agree. The arbitrator shall issue a written decision setting forth findings of fact and conclusions of law, which decision shall be final and binding on all parties. The arbitrator's award may be enforced in any court having jurisdiction by filing a petition to enforce such award. The cost of filing, including reasonable attorney's fees, may be recovered by the party that initiates the action to have the award enforced.

### Effective Date

24.) This Agreement shall be construed and enforced under the laws of the State of California applicable to agreements made and to be wholly performed with such State.

25.) This Agreement shall be effective upon execution by both parties.

In witness whereof, the parties have executed this Agreement on the dates shown below.

February __ 1999

FRANCOIS MARLAND, individually and as beneficial owner of RoNo, LLC

February __ 1999

THELEN, REID, & PRIEST LLP

By: Gary L. Fontana

Page 6