# EXHIBIT 2

AMERICAN ARBITRATION ASSOCIATION
INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

———————————————————x
                                          :
In the Matter of the Arbitration Between: :
                                          :
FRANÇOIS MARLAND,                         :
                                          :
                    Claimant,             :
                                          :   AAA Case No. 50 180 T 00082 06
         -and-                            :
                                          :
THELEN REID & PRIEST LLP,                 :
                                          :
                    Respondent.           :
                                          :
                                          :
———————————————————x


_____

### RESPONDENT'S STATEMENT OF DEFENSE
_____


SIMPSON THACHER & BARTLETT LLP
John J. Kerr, Jr.
Clara Ingen-Housz
Karen E. Abravanel
425 Lexington Avenue
New York, N.Y. 10017-3954
Telephone: (212) 455-2000
Facsimile:  (212) 455-2502

Attorneys for Respondent
Thelen Reid & Priest LLP

## INTRODUCTION

1. In the Demand for Arbitration filed on February 13, 2006 (the "Demand for Arbitration"), Claimant François Marland ("Marland") seeks to enforce rights and recover damages with respect to an Attorney-Client Agreement signed by the parties on February 17, 1999 (the "February 1999 Agreement") (attached hereto as Ex. A). Specifically, Marland alleges acts of malpractice and breaches of fiduciary duty by Respondent Thelen Reid & Priest LLP ("Thelen") in breach of the February 1999 Agreement. Marland purports to make these claims on his own behalf and on behalf of RoNo LLC, a Delaware entity ("RoNo").[1]

2. Thelen objects to this arbitration proceeding because Marland is barred from asserting these claims. First, the February 1999 Agreement containing the arbitration clause was terminated in 2002 and superseded by an agreement entered into by the parties in December 2002 (the "December 2002 Agreement") (attached hereto as Ex. B). Second, the December 2002 Agreement contains a release of all claims asserted by Marland in the Demand for Arbitration. Third, Marland's claims are time-barred by the statute of limitations.

3. The December 2002 Agreement does not contain an arbitration clause. Instead, it provides that the parties submit to the jurisdiction of the courts in California to enforce any rights under the December 2002 Agreement. Thelen has filed an action in the United States District Court for the Northern District of California (the "District Court") requesting, among other things, a declaration that the claims asserted in this arbitration were released by the December 2002 Agreement and are time-barred by the statute of limitations, and requesting a preliminary and a permanent injunction prohibiting Marland, himself or through his agents, including RoNo,

---

[1] RoNo, of which Marland is the sole beneficial owner, was created to serve as the named plaintiff in a California *qui tam* complaint contemplated in the February 1999 Agreement.

from asserting the claims alleged in the Demand for Arbitration and from pursuing this arbitration (the "California Action") (attached hereto as Ex. C).

### OBJECTIONS TO CLAIMANTS' DEMAND FOR ARBITRATION

I.  **THE CLAIMS ASSERTED IN THE DEMAND FOR ARBITRATION ARE BARRED**

   A.  **Marland is Barred from Enforcing Rights Under the February 1999 Agreement**

   4.  Marland's claims in the Demand for Arbitration are predicated on the February 1999 Agreement. *See* Demand for Arbitration, ¶ 1. The February 1999 Agreement was terminated according to its terms pursuant to a letter dated July 8, 2002 from Thelen to Marland. (Attached hereto as Ex. D). Subsequently, the February 1999 Agreement was superseded (with retroactive effect from July 1, 2002) by the December 2002 Agreement. *See* Ex. B, p. 1, 6th Whereas Clause; *Id.* § B.2(g)(iv).

   5.  Because the February 1999 Agreement was terminated, and superseded by the December 2002 Agreement, Marland as a matter of law cannot now enforce rights under the February 1999 Agreement.

   6.  Unlike the February 1999 Agreement it supersedes, the December 2002 Agreement does not contain an agreement to arbitrate. Rather, it provides that the parties submit to the jurisdiction of the courts in California to enforce any rights under it.

   B.  **Marland Expressly Released and Waived the Claims Now Asserted in this Arbitration**

   7.  Under the terms of the December 2002 Agreement, Thelen and Marland (and Marland's European lawyers) provided that they mutually "release and forever discharge one another from any and all claims they might have against one another for any breach by the other of any prior agreement between them or professional obligation of one to the other or any other obligation whether sounding in tort or contract, including, but not limited to . . . any claim that

TR&P [Thelen] failed to perform any services, to adequately protect the interests of its clients (Marland/RoNo), to disclose any conflict, to obtain any required waiver or otherwise to discharge any obligations of any kind to Marland, RoNo, or EC [Marland's European lawyers]" (the "Released Claims"). *See* Ex. B ¶ C.3, at 7-8.

8. Furthermore, Marland waived his right to assert any of the Released Claims of which he was not aware at the time of the December 2002 Agreement. Specifically, Marland and Thelen provided that they "expressly acknowledge and waive the provisions of California Civil Code section 1542, which reads: '<u>Civil Code Section 1542:</u> A general release does not extend to the claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.'" *See* Ex. B ¶ C.3, at 8.

9. Marland represented that he had the benefit of the advice of independent counsel in considering the significance of the mutual release and that he did not rely on the advice of Thelen in deciding to enter into it. *See* Ex. B ¶ C.3, at 8.

10. Marland's claims in this arbitration, set forth in the "Description of Claims" of the Demand for Arbitration, allege that: (a) Thelen's legal advice to Marland was erroneous; (b) Thelen breached its duties to Marland by placing its interests ahead of his; (c) Thelen breached fiduciary duties to Marland by saying Thelen had a waiver of conflicts from Marland when Thelen allegedly did not; (d) the December 2002 Agreement is not fair and reasonable and is unenforceable; (e) the release and waiver provisions of the December 2002 Agreement are void and against public policy; and (f) as a consequence, Thelen should forfeit to Marland $35 million, or alternatively pay Marland a greater share of attorneys fees. *See* Demand for Arbitration, ¶ 22.

11. Claims (a), (b) and (c) arise from Marland's attorney-client relationship with Thelen and are barred by Marland's release and waiver in the December 2002 Agreement. Implicitly recognizing this, Marland asserts in claims (d) and (e) that the December 2002 Agreement is unenforceable, void and against public policy. However, there is no agreement to arbitrate the validity and effect of the December 2002 Agreement. Any issues with respect to the validity or effect of the December 2002 Agreement are properly within the jurisdiction of the courts in California.

12. The release and the waiver provided in the December 2002 Agreement are valid and enforceable. All the claims asserted by Marland in the Demand for Arbitration are Released Claims under the December 2002 Agreement. Marland is thus barred from asserting those claims in this Arbitration.

### C. Marland's Claims in this Arbitration are Time-Barred by the Statute of Limitations

13. The February 1999 Agreement is governed by California law. *See* Ex. A ¶ 24, at 6 ("This Agreement shall be construed and enforced under the laws of the State of California applicable to agreements made and to be wholly performed with [sic] such State.").

14. Under California law, an action against an attorney for a wrongful act or omission must be commenced within four years from the date of the wrongful act or omission or within one year after the plaintiff discovers (or reasonably should have discovered) the facts constituting the wrongful act or omission, whichever occurs first. Furthermore, the period is only tolled, *inter alia*, if the attorney continued to represent its client. Cal. Code Civ. Proc. § 340.6 (2006).

15. To the extent that Marland, (directly or through RoNo), was actually injured by any allegedly wrongful acts or omissions by Thelen – which Respondent denies – Marland

discovered, or through the use of reasonable diligence should have discovered, those acts or omissions more than one year prior to February 13, 2006, the date on which Marland submitted the Demand for Arbitration.

16. Furthermore, Thelen ceased representation of Marland and RoNo in any matters whatsoever more than one year prior to February 13, 2006.

17. As a result, the claims now asserted in the Demand for Arbitration are time-barred by California's statute of limitations.

II. **THELEN HAS FILED AN ACTION IN CALIFORNIA SEEKING DECLARATORY RELIEF WITH RESPECT TO THE DECEMBER 2002 AGREEMENT AND INJUNCTIVE RELIEF PROHIBITING MARLAND FROM PURSUING THE CLAIMS IN THIS ARBITRATION**

18. On March 20, 2006, Thelen commenced the California Action. *See, supra*, ¶ 3. In the complaint, Thelen requested that the District Court: (a) declare that the December 2002 Agreement is valid and enforceable; (b) declare that Marland released Thelen from the Released Claims, which include the claims asserted in the Demand for Arbitration; (c) declare that the claims asserted in the Demand for Arbitration are barred by California's statute of limitations; and (d) issue a preliminary and a permanent injunction prohibiting Marland from asserting any Released Claims against Thelen and from pursuing this arbitration against Thelen. *See* Ex. B.

19. On March 24, 2006, Thelen moved the California Action for a preliminary injunction against Marland, prohibiting Marland from: (a) asserting any claims against Thelen that Marland released in the December 2002 Agreement, including the claims in this arbitration; and (b) pursuing this arbitration. A hearing on the motion is scheduled for June 1, 2006.

20. As described above, the February 1999 Agreement containing the arbitration clause relied upon in the Demand for Arbitration was terminated and was superseded by the December 2002 Agreement. In the December 2002 Agreement, Marland expressly consented to

jurisdiction in the State of California to enforce any rights under the December 2002 Agreement, which is governed by California Law.

21. The District Court has proper jurisdiction to consider the validity and effect of the December 2002 Agreement. Therefore, this arbitration should be stayed pending complete and final resolution of the California Action.

### III. RoNo is not a Proper Party to this Arbitration

22. In the initial Administrative Conference and in subsequent correspondence, counsel for Marland has taken the position that RoNo is a second claimant in this arbitration.

23. RoNo is not and cannot be a second claimant in this arbitration because there is no agreement to arbitrate between RoNo and Thelen. RoNo was not a signatory to the February 1999 Agreement, relied upon by claimant as the basis for this arbitration and which was not submitted with the Demand for Arbitration. Indeed, Marland has produced no agreement to arbitrate between RoNo and Thelen.

24. Moreover, it is clear from paragraph 1 of the Description of Claims in the Demand for Arbitration that Marland is the only claimant, and nowhere in the Description of Claims is there a claim asserted by RoNo or even a reference to RoNo.

25. To eliminate any doubt, Thelen requests a declaration that RoNo is not a claimant in this arbitration and has no right to require arbitration with Thelen.

### IV. Thelen Reserves its Rights Concerning its Defense on the Merits

26. For the reasons set forth above, Thelen objects to this arbitration proceeding on jurisdictional and other grounds. Thelen reserves its rights to submit comprehensive substantive defenses to the Demand for Arbitration, as necessary, and any counterclaim at a later point in this arbitration proceeding depending upon the outcome of the California Action.

8

Dated: March 24, 2006

                                              Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

_/s/ John J. Kerr, Jr._
John J. Kerr, Jr.
Clara Ingen-Housz
Karen E. Abravanel
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

Attorneys for Respondent
Thelen Reid & Priest LLP

## **EXHIBITS**

| **Ex.** | **Document** |
|---|---|
| A | Attorney-Client Agreement, between Thelen Reid & Priest LLP and Francois Marland, individually and as the beneficial owner of RoNo, LLC (Feb. 17, 1999) |
| B | New Agreement to Associate Counsel, among Thelen Reid & Priest LLP, SCP Brunswick & Associates, Susannah Mass, and Francois Marland (Dec. 2002) |
| C | Complaint, *Thelen Reid & Priest LLP v. Francois Marland*, Case No. C-06-2071 (N.D. Cal., Mar. 21, 2006) |
| D | Letter from Wynne S. Carvill (Thelen Reid & Priest LLP) to Francois Marland, re: Notice per Attorney-Client Agreement (Jul. 8, 2002) |