# EXHIBIT 5

# HAYES & MALONEY LLP
1 ROCKEFELLER PLAZA, SUITE 1005
NEW YORK, NEW YORK 10020
VOICE: (212) 554-3120
FAX: (212) 554-3121

October 15, 2007

**Via E-Mail**
Christian Paul Alberti, Esq.
International Case Manager
International Centre for Dispute Resolution
1633 Broadway, 10th Fl., New York, NY 10019

**Francois Marland and RoNo LLC vs Thelen Reid & Priest**
**ICDR Case No. 50 180 T 00082 06**

Dear Mr. Alberti,

      Pursuant to your request of October 9, the following points summarize Petitioners' position regarding their right to resume arbitral proceedings in this matter.

      1. As you noted during our call last week, absent an actual order enjoining the arbitration, it must proceed. At the outset of our call Thelen claimed that the San Francisco court had actually barred Marland from proceeding with the arbitration (without mentioning that RoNo is also a party petitioner), but by the end of the call appeared to concede that there was no such injunction, and instead promised to seek such an injunction at some point in the future. (*See* p. 56, lines 26-28 of the San Francisco court's August 1, 2007 order (hereinafter, the "Order."), a copy of which was previously submitted to your attention.) At present, however, Thelen seems to agree that there is no order enjoining the arbitration.

      2. In early 2006, the parties agreed to stay this arbitration pending a final order dismissing Thelen's motion to enjoin the arbitration (a copy of that stipulation is submitted herewith). Since Thelen chose not to appeal the dismissal of its request for an injunction (even as a conditional cross-appeal, as would have been proper if it wished to avoid finality and respond to Marland's appeal), that dismissal is now final. Thus, by the terms of the parties' own stipulation, the arbitration should resume.

      3. Thelen cannot now invoke the federal court's jurisdiction to enjoin the arbitration. As you will recall from when this action began, Thelen claimed that the arbitration clause petitioners invoked, in the parties' 1999 attorney-client agreement, had been rescinded and superseded by a 2002 fee-sharing agreement that contained no arbitration clause. Thelen repeated that claim in its pleadings in the San Francisco action. Later, however, Thelen changed its position, insisting that the 2002 agreement was actually a reinstated attorney-client agreement that provided for Thelen to resume representing RoNo and Marland pursuant to a September 2001 amendment to the 1999 attorney-client agreement (the reason for this change was Thelen's belated claim that the 2002 agreement was exempt from the ethical restrictions of Rule 3-300 of the California

Christian Paul Alberti, Esq.
October 15, 2004
Page 2

Rules of Professional Conduct because it was an amended attorney-client agreement). The San Francisco court relied on and adopted Thelen's revised position in its decision (*see* Order, p 31, l. 3). Thelen thus cannot now dispute that the arbitration agreement in the 1999 attorney-client agreement, as amended in September 2001, was revived and incorporated by reference in the 2002 agreement on which Thelen relies, and requires Thelen to present its defenses to an arbitrator, not the court.

      4. Even if Thelen were to change its position a second time and claim that there is no valid arbitration agreement, it is hornbook law that the existence and validity of the arbitration agreement is a matter for the arbitrator in the first instance, not a court.

      5. Thelen's claim that there are no issues left to arbitrate is not true, and Thelen knows that it is not true. There are two actual, pending disputes to be adjudicated: payment of funds Thelen owes to Marland and his European Counsel, which were not included in the parties' pleadings in San Francisco, and claims relating to Thelen's breach of its fiduciary duties to RoNo in late 2005, which were raised in Marland's pleadings but not addressed in Thelen's summary judgment motion, or in the court's Order.

      (A) Thelen owes Marland and his European Counsel $612,500.00, plus interest, that was due and payable last summer, pursuant to the very 2002 agreement on which Thelen purported to rely in the San Francisco proceeding. Thelen chose to violate the 2002 agreement and unilaterally withhold those funds, claiming that it intended to assert (and months later, did assert) "conditional counter-counterclaims" against Marland in the San Francisco litigation. The issue of these funds was *not*, however, raised in Marland's pleadings in San Francisco. When Marland raised the issue later, in his motion for summary judgment, Thelen responded by assuring the Court that it would promptly pay over the disputed funds if and when Thelen's "counter-counterclaims" were dismissed.

      The court dismissed Thelen's counter-counterclaims, and Thelen chose not to appeal that dismissal (again, not even conditionally, in response to Marland's appeal of the dismissal of his counterclaims). Contrary to Thelen's representations to the court, however, and contrary to its clear contractual obligations to Marland, Thelen has still not paid any of the $612,500.00, nor any interest.

      Petitioners are therefore entitled to compel payment of those funds in this arbitration – in fact, they are included within the amounts previously sought in Petitioners' Description of Claims, and the Amended Description of Claims that petitioners will file later this week will make this clear.

      (B) Thelen's summary judgment motions to the San Francisco court acknowledged that it was *not* entitled to, and was not seeking, summary judgment on those portions of Marland's counter-claims arising from Thelen's post-2002 conduct, including its late-2005 appearance in opposition to its former client in the underlying litigation (*i.e.* the same action in which Thelen had previously represented Marland).

Christian Paul Alberti, Esq.
October 15, 2004
Page 3

      The court's Order dismissing Marland's counterclaims did not mention those portions of Marland counterclaims, which were reflected in paragraphs 121(c), 123-128 and 131-135 of Marland's affirmative defenses (incorporated by reference into paragraph 49 of Marland's counterclaims) and in paragraphs 52(l)-52(o) and 77 of Marland's counterclaims. Instead, in addressing Thelen's statute of limitations argument, the court cited *other* paragraphs of Marland's counterclaims (3(c), 16 and 41-46) regarding matters after the 2002 agreement, and found that *those* allegations were covered by the release contained in the 2002 agreement. The court simply never addressed Marland's affirmative claims for Thelen's post-2002 conduct; instead it stated that claims not disposed of by the August 1, 2007 order "may be arbitrated or litigated elsewhere."

      We have no doubt that Thelen will argue that the dismissal of Marland's counterclaims is collateral estoppel regarding his (and RoNo's) post-2002 claims – even though those claims were not actually decided, and Thelen itself admitted to the court that those claims were not covered by the 2002 release. Petitioners disagree (more precisely, petitioners agree with Thelen's position prior to the court's Order).

      In any event, however, petitioners are unquestionably entitled to avoid a Catch-22 situation in which the Ninth Circuit may rule at some point in the future that Marland's claims related to Thelen's post-2002 conduct were *not* included in the San Francisco litigation, and thus must be arbitrated, only to have Thelen then argue that those claims were waived by their omission from petitioners' Amended Description of Claims. In short, since petitioners are entitled to a ruling on the merits of these claims from *some* adjudicatory authority, and did not receive such a ruling from the district court, they will include these claims in their Amended Description of Claims.

      Finally, regarding the appointment of the arbitrator, we understand Thelen's position to be that either (a) nothing should be done or (b) if anything is to be done, the entire process should start over. Having received no communication from Thelen's counsel since our call last week, the undersigned called Thelen's counsel Mr. Kerr today to try to clarify Thelen's position and see if some compromise was possible, but Mr. Kerr was out of the country and left no instructions with his associate regarding this matter. Since Mr. Kerr has disregarded your urgings to reach out on this issue, and the only consistency to Thelen's position is that there should be indefinite further delay, petitioners have little choice but to urge the ICDR to proceed according to its rules, and appoint an arbitrator from the match on the previously-submitted lists.

      Thank you for your attention to this matter. Please do not hesitate to contact me if you require any further information or assistance.

                                                Sincerely,

                                                Andrew W. Hayes

Copy with enclosure via e-mail to:
James J. Kerr, Esq.
Karen Abravanel, Esq.

KEKER & VAN NEST, LLP
ROBERT A. VAN NEST - #84065 (rvannest@kvn.com)
WENDY J. THURM - #163558 (wthurm@kvn.com)
STEVEN K. YODA - #237739 (syoda@kvn.com)
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
THELEN REID & PRIEST LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THELEN REID & PRIEST LLP,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FRANÇOIS MARLAND,<br><br>　　　　　　　Defendant. | Case No. C 06-2071 VRW<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER** |

372735.01

STIPULATION AND [PROPOSED] ORDER

WHEREAS Defendant François Marland ("Marland") initiated an arbitration proceeding against Plaintiff Thelen Reid & Priest LLP ("Thelen") in New York ("the New York Arbitration Proceeding") on February 13, 2006;

WHEREAS Thelen filed a Complaint for Declaratory and Injunctive Relief against Marland on March 21, 2006;

WHEREAS Thelen filed a Motion for Preliminary Injunction on March 24, 2006, seeking, in part, an order from this Court prohibiting Marland from proceeding with the New York Arbitration Proceeding;

WHEREAS the hearing on Thelen's Motion for Preliminary Injunction is currently scheduled for June 8, 2008;

WHEREAS the deadline for Marland to file an opposition to Thelen's Motion for Preliminary Injunction is May 11, 2006;

WHEREAS Marland filed a Motion to Dismiss on May 1, 2006;

WHEREAS  Thelen filed a First Amended Complaint on May 3, 2006;

WHEREAS Thelen and Marland desire to conduct discovery prior to this Court's resolution of Thelen's Motion for Preliminary Injunction;

NOW, THEREFORE, Thelen and Marland stipulate and agree as follows:

1. The New York Arbitration Proceeding shall be stayed, until such time as this Court enters a final order on Thelen's Motion for Preliminary Injunction;

2. Thelen's Motion for Preliminary Injunction shall be taken off-calendar;

3. Marland shall Answer or move to dismiss Thelen's First Amended Complaint on May 23, 2006;

4. After Marland files his Answer, the parties shall meet and confer regarding (a) the scope of discovery to be completed prior to the date on which Marland shall file his opposition to Thelen's Motion for Preliminary Injunction; and (b) a briefing schedule and new hearing date for Thelen's Motion for Preliminary Injunction.

5. This Stipulation and every part hereof is entered into in the interests of the reaching an orderly and just resolution of the parties' disputes, without prejudice to any party's position regarding the claims and defenses asserted in this action or in the New York Arbitration Proceeding. Nothing in this Stipulation shall be deemed to constitute a waiver of any substantive or procedural right, claim, or defense of any party, except for such matters as are expressly set forth herein.

Dated: May 10, 2006                             KEKER & VAN NEST, LLP

                                                By:   /s/ Wendy J. Thurm
                                                WENDY J. THURM
                                                Attorneys for Plaintiff
                                                THELEN REID & PRIEST LLP

Dated: May 10, 2006                             CARLSON, CALLADINE & PETERSON LLP

                                                By:   /s/ Guy D. Calladine
                                                GUY D. CALLADINE
                                                Attorneys for Defendant
                                                FRANÇOIS MARLAND

**IT IS SO ORDERED.**

Dated: May 22, 2006                             _____
                                                HON. [Judge Vaughn R Walker]

[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Vaughn R Walker]

372735.01