# EXHIBIT 6

**From:** Abravanel, Karen
**Sent:** Tuesday, October 16, 2007 12:41 PM
**To:** albertic@adr.org
**Cc:** Kerr , John J; Matthew G. Friedman; 'ahayes@hayes-maloney.com'
**Subject:** RE: Marland v. Thelen Reid -- ICDR Case No. 50 180 T 00082 06

SENT ON BEHALF OF JOHN J. KERR, JR.

Dear Mr. Alberti,

I do not intend to respond to the numerous misstatements in Mr. Hayes's email. Thelen's position has not changed. Marland is barred from proceeding with the arbitration because: (1) the U.S. District Court's August 1, 2007 Order fully adjudicated all of the issues raised in Marland's prior Demand for Arbitration; and (2) the District Court held that the February 1999 Agreement on which Marland relies in the arbitration proceeding was superseded and replaced by a December 2002 Agreement that does not provide for arbitration.

During the parties' conference call with you on October 9, I made clear that unless and until Marland files an Amended Demand for Arbitration, which purports to state claims that have not already been adjudicated, there is nothing procedurally before the ICDR and it would be premature to address the issues of arbitrability or the selection of an arbitrator. In response, Mr. Hayes represented that Marland would file an Amended Demand by Monday, October 15. He did not do so, apparently because his laptop computer crashed. In his October 15 submission to the ICDR, Mr. Hayes now states that Marland will file the Amended Demand "later this week." If and when Marland files an Amended Demand purporting to state claims that have not already been adjudicated, Thelen will address the arbitrability of the amended claims, as well as the process of selecting an arbitrator.

Sincerely yours,

John Kerr

_____

John J. Kerr, Jr.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York  10017

Tel:  (212) 455-3805
Fax: (212) 455-2502
jkerr@stblaw.com

_____

**From:** Monica Hayes [mailto:mhayes@civicexchange.net]
**Sent:** Monday, October 15, 2007 10:53 PM
**To:** albertic@adr.org
**Cc:** Kerr , John J; Abravanel, Karen; Matthew G. Friedman
**Subject:** Re: Marland v. Thelen Reid -- ICDR Case No. 50 180 T 00082 06

Mr. Alberti,

I have just read Mr. Kerr's letter, and since he is in Asia on business I thought it appropriate to respond now, so that he can reply during his business day tomorrow if he chooses.

First, I should note that at no time from the end of our call until sending this letter did Mr. Kerr or his associate suggest that they needed to review Marland's amended demand before they could opine regarding the resumption of the arbitration.

As you will recall, it was Mr. Kerr's objection to the resumption of the arbitration in any way, shape or form -- including the filing of an amended demand -- that led you to take the unusual step of requesting letter submissions on the subject *before* Marland filed his amended demand.  If Mr. Kerr had a good-faith change of mind before this evening about the proper way to proceed, he should have had the courtesy to inform opposing counsel of that change of mind, sparing us the several hours' time it took to draft petitioners' letter to you.

Despite that discourtesy, the only reasonable conclusion is that Mr. Kerr has abandoned the sweeping positions he made during our call last week -- including his clear and pointed threat of seeking sanctions from the California court if Marland dared to resume the arbitration now -- and that the ICDR should confirm that the arbitration is reactivated.

Even Mr. Kerr's belated disclaimer that he "cannot make any specific comments about the reactivation of the arbitration proceeding until it has had the opportunity to review the Amended Demand" is disingenuous.  As you will recall, I discussed the claims that will be presented in the amended demand during our call of last week; I even advised Mr. Kerr to check with his co-counsel regarding Marland's recent demand for payment of the $612,500 owing from Thelen.  Again, one can only conclude that Mr. Kerr -- after our call of last week -- conferred with his co-counsel and realized that his position was untenable, and is now looking for a diplomatic way to avoid admitting as much directly.

The fact is that Mr. Kerr demanded and received the extraordinary opportunity to argue to you why the arbitration should not be re-activated, and he has now waived that opportunity.  His threats of last week to seek sanctions have been shown to be unfounded bluster.  It is simply disrespectful to both the ICDR and my client for Mr. Kerr (again, without even having the courtesy to ask or advise opposing counsel in advance) to *sua sponte* extend his time to submit support for a demand that should not have been indulged in the first place.  Petitioners therefore respectfully ask that you confirm that the arbitration has been re-activated, and remind Mr. Kerr that in future he should raise any issues he has in the time and manner set forth in the ICDR's rules.

Sincerely,

Andrew W. Hayes


On Oct 15, 2007, at 9:37 PM, Andrew Hayes wrote:



Sent from my iPhone

Begin forwarded message:

**From:** "Abravanel, Karen" <KAbravanel@stblaw.com>
**Date:** October 15, 2007 9:15:23 PM EDT
**To:** <albertic@adr.org>
**Cc:** <ahayes@hayes-maloney.com>, <mfriedman@hayes-maloney.com>, "Kerr , John J" <jkerr@stblaw.com>
**Subject: Marland v. Thelen Reid -- ICDR Case No. 50 180 T 00082 06**

Dear Mr. Alberti:

Attached please find a letter with regard to the above-referenced arbitration.

Regards,

Karen Abravanel

<<Oct. 15 letter.pdf>>

———————————

Karen Abravanel
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York  10017

Tel:  (212) 455-7985
Fax: (212) 455-2502
[mailto:kabravanel@stblaw.com](mailto:kabravanel@stblaw.com)kabravanel@stblaw.com

———————————

<Oct. 15 letter.pdf>