KEKER & VAN NEST, LLP
ROBERT A. VAN NEST - #84065
WENDY J. THURM - #163558
BENEDICT Y. HUR - #224018
BENJAMIN W. BERKOWITZ - #244441
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff, Counter-Defendant, and
Counter-Counter-Claimant
THELEN REID BROWN RAYSMAN & STEINER LLP
         fka THELEN REID & PRIEST LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THELEN REID BROWN RAYSMAN & STEINER LLP, fka THELEN REID & PRIEST LLP,<br><br>         Plaintiff and Counter-Defendant,<br><br>    v.<br><br>FRANÇOIS MARLAND,<br><br>         Defendant and Counter-Claimant. | Case No. C 06-2071 VRW<br><br>**MOTION TO RELATE *THELEN REID BROWN RAYSMAN & STEINER LLP V. FRANCOIS MARLAND*, CASE NO. C07-5663 TO THIS CASE** |
| THELEN REID BROWN RAYSMAN & STEINER LLP, fka THELEN REID & PRIEST LLP,<br><br>         Counter-Counter-Claimant,<br><br>    v.<br><br>FRANÇOIS MARLAND, PHILIPPE BRUNSWICK and SUSANNAH MAAS,<br><br>         Counter-Counter-Defendants. | |

---

404561.03

MOTION TO RELATE *THELEN REID BROWN RAYSMAN & STEINER LLP V. FRANCOIS MARLAND,* CASE NO. C07-5663 TO THIS CASE
CASE NO. C06-2071 VRW

## INTRODUCTION

Pursuant to Civil Local Rule 3-12 and the November 7, 2007 Order by Judge Susan Illston entered in *Thelen Reid Brown Raysman & Steiner LLP v. Marland*, Case No. C 07-5663 SI ("*Thelen v. Marland II*"), Thelen Reid Brown Raysman & Steiner LLP ("Thelen") hereby moves this Court to relate *Thelen v. Marland II*, to *Thelen Reid Brown Raysman & Steiner LLP v. Marland*, Case No. C 06-2071 VRW ("*Thelen v. Marland I*"), which was litigated to final judgment before this Court and is currently on appeal to the Ninth Circuit.

*Thelen v. Marland II* concerns "substantially the same parties, property, transaction or event" as the action recently adjudicated before this Court in *Thelen v. Marland I*. *See* Civil L.R. 3-12(a). In fact, the two actions both involve the law firm of Thelen Reid Brown Raysman & Steiner LLP and Francois Marland, and the same property, transactions and events. There will be "an unduly burdensome duplication of labor and expense" if this case is conducted before a different judge. Civil L.R. 3-12(a)(2).

### 1. Factual Background in *Thelen v. Marland I* (Case No. C 06-2071)[1]

In February 1999, Thelen entered into a written attorney-client agreement with Marland and a shell corporation named RoNo LLC ("the February 1999 Agreement"). RoNo was created in 1999 as a Delaware limited liability corporation, with Marland as its sole owner. RoNo's only function was to protect Marland's anonymity by serving as the plaintiff in a *qui tam* action in which Marland was the whistleblower.

The February 1999 Agreement contained an arbitration clause with respect to disputes between the parties under that Agreement. Thelen and Marland restructured the terms of their relationship several times, by executing additional written agreements in June 1999, September 2001 and December 2002.

---

[1] For this Motion, Thelen relies on the same facts as presented to the Court in *Thelen v. Marland II* in its *Ex Parte* Application for Temporary Restraining Order. Thelen herein refers to and specifically incorporates by reference the *Ex Parte* Application, Declaration of Wendy J. Thurm, the Declaration of John J. Kerr, Jr., and the Request for Judicial Notice filed in *Thelen v. Marland I*. These pleadings are Docket Nos. 3, 4, 5, & 6 in Case No. 07-5663 SI.

1

MOTION TO RELATE *THELEN REID BROWN RAYSMAN & STEINER LLP V. FRANCOIS MARLAND,* CASE NO. C07-5663 TO THIS CASE
CASE NO. C06-2071 VRW

404561.03

As part of the December 2002 Agreement, Marland released Thelen from all claims arising from their professional and contractual relationship, whether known or unknown, whether sounding in contract or tort. The December 2002 Agreement supersedes all prior agreements between the parties, including the February 1999 Agreement. The December 2002 Agreement does not contain an arbitration clause. To the contrary, Marland agreed to submit to the jurisdiction of a court in California to resolve any disputes arising from the December 2002 Agreement, pursuant to California law.

In early 2006, Marland initiated the New York Arbitration with the American Arbitration Association ("AAA"), seeking to enforce rights and recover damages with respect to the February 1999 Agreement. The AAA assigned the proceeding to the International Centre for Dispute Resolution ("ICDR") for administrative purposes. Thelen objected to the arbitration proceeding on several grounds. First, Thelen argued that the February 1999 Agreement was terminated and superseded by the December 2002 Agreement, which does not contain an arbitration clause. Second, Thelen argued that the December 2002 Agreement contains a release of all claims asserted by Marland in his demand for arbitration. Third, Thelen argued that Marland's claims are time-barred by California's legal malpractice statute of limitations.

Thelen promptly filed a complaint in this Court seeking to enforce the December 2002 Agreement and enjoin Marland from pursuing the New York Arbitration.[2] In May, 2006, this Court entered a consent order which stayed the New York Arbitration pending the Court's final order on Thelen's motion for a preliminary injunction against Marland.[3] The ICDR placed the arbitration proceeding in abeyance, pending resolution of *Thelen v. Marland I*.

Later in May, 2006, Marland filed an answer to Thelen's first amended complaint and asserted five counterclaims against Thelen. Marland admitted that his counterclaims mirrored the claims he (and RoNo) had asserted against Thelen in the New York Arbitration; in fact, he attached as Exhibit A to his counterclaims a copy of his Amended Description of Claims in the

---

[2] Docket No. 1.
[3] Docket No. 13.

2
MOTION TO RELATE *THELEN REID BROWN RAYSMAN & STEINER LLP V. FRANCOIS MARLAND,* CASE NO. C07-5663 TO THIS CASE
CASE NO. C06-2071 VRW

404561.03

New York Arbitration.[4] Thelen answered the counterclaims and filed counter-counterclaims against Marland for declaratory relief and money had and received.[5]

After extensive written and deposition discovery, Thelen filed a motion for partial summary judgment in March, 2007, on the ground that Marland's counterclaims for breach of fiduciary duty and negligence are time-barred under California's legal malpractice statute of limitations (Code of Civil Procedure § 340.6).[6] One month later, Thelen and Marland filed cross-motions for summary judgment. In its motion, Thelen sought summary judgment on (1) its first claim for declaratory relief (that the December 2002 Agreement is valid and enforceable); (2) all of Marland's counterclaims; and (3) Marland's affirmative defense of fraud.[7] In his motion, Marland sought summary judgment on (1) six affirmative defenses to Thelen's first claim for declaratory relief; (3) Thelen's counter-counterclaims for declaratory relief and money had and received; and (3) his counterclaim for breach of contract.[8]

This Court heard oral argument on the parties' motions on May 10, 2007.[9] On August 1, 2007, this Court issued a 57-page order granting summary judgment for Thelen and denying summary judgment for Marland.[10] In his August 1, 2007 order, this Court ruled that the December 2002 Agreement is valid and enforceable as a matter of law and that it "replaced 'any and all other agreements' between the parties," thus barring Marland's counterclaim for breach of the June 1999 agreement.[11]

This Court further held that Marland's counterclaims for breach of fiduciary duty, fraud and negligence were barred by the waiver and release provision in the December 2002 Agreement and that Marland's counterclaim for bad faith denial of contract did not state a claim

---

[4] Docket No. 14.
[5] Docket No. 38.
[6] Docket No. 144.
[7] Docket No. 181.
[8] Docket No. 184.
[9] Docket No. 250.
[10] Docket No. 320.
[11] Docket No. 320, at 53:25-54:5.

3
MOTION TO RELATE *THELEN REID BROWN RAYSMAN & STEINER LLP V. FRANCOIS MARLAND,* CASE NO. C07-5663 TO THIS CASE
CASE NO. C06-2071 VRW

404561.03

1  under California law. This Court also granted summary judgment for Thelen on Marland's
2  affirmative defense of fraud.[12]

3  This Court declined to reach the merits of Thelen's motion for partial summary judgment
4  on statute of limitations grounds, holding that Marland's allegations of improper conduct that
5  post-dated the December 2002 Agreement did not suffice to give rise to claims for breach of
6  fiduciary duty, fraud and negligence.[13] This Court also declined to reach the merits of Thelen's
7  counter-counterclaims, finding that the claims were moot in light of the Court's decision that the
8  December 2002 Agreement is valid and enforceable.[14]

9  This Court also denied as moot Thelen's request to permanently enjoin the New York
10 Arbitration, stating: "[I]t is clear from the above discussion that the parties have litigated their
11 claims here to final resolution. Indeed, this order eliminated those claims. This resolution binds
12 the parties on the litigated claims and moots the necessity of injunctive relief. To the extent there
13 remain other claims *not here litigated*, those claims may be arbitrated or litigated elsewhere.
14 Injunctive relief is not required here."[15]

15 On August 23, 2007, Marland filed a Notice of Appeal with the Ninth Circuit, together
16 with a Ninth Circuit Civil Appeals Docketing Statement. In his Docketing Statement, Marland
17 admitted that the claims he had asserted in the New York Arbitration were the same claims that
18 he had asserted "as counterclaims in the district court."

19 **2.    Factual Background to *Thelen v. Marland II* (Case No. C 07-5663SI)**

20 After appealing this Court's summary judgment order to the Ninth Circuit, Marland
21 sought to re-start the New York Arbitration against Thelen, arguing that this Court had not
22 enjoined the arbitration proceeding. Thelen objected to any re-activation of the New York
23 Arbitration, arguing that this Court's August 1, 2007 Order (1) fully adjudicated the issues raised
24 by Marland's arbitration demand; and (2) held that the February 1999 Agreement—on which

---

[12] Docket No, 320, at 54:5-22.
[13] Docket No. 320, at 54:22-55:9.
[14] Docket No. 320, at 54:14-21.
[15] Docket No. 320, at 56:20-28.

4

MOTION TO RELATE *THELEN REID BROWN RAYSMAN & STEINER LLP V. FRANCOIS MARLAND,* CASE NO. C07-5663 TO THIS CASE
CASE NO. C06-2071 VRW

404561.03

1  Marland relied in demanding arbitration—was replaced and superceded by the December 2002
2  Agreement, which does not provide for arbitration.

3  On November 5, 2007, the ICDR ruled—over Thelen's objections—that the New York
4  Arbitration would go forward and gave Thelen a deadline of November 8, 2007 at 12 noon EST
5  to state how Thelen wishes to proceed with the selection of an arbitrator.

6  On November 7, 2007, Thelen filed its Complaint and *Ex Parte* Application for a
7  Temporary Restraining Order, and Preliminary and Permanent Injunction in *Thelen v. Marland*
8  *II*, seeking to prohibit Marland from proceeding with the New York Arbitration. By its
9  Complaint, Thelen also seeks a declaratory judgment that (1) there is no arbitration agreement
10 between Thelen and Marland; (2) Marland waived any right to arbitration; (3) Marland is
11 estopped to pursue his claims in arbitration; and (4) the claims Marland seeks to arbitrate are
12 barred by res judicata and collateral estoppel.   The new case was assigned to Judge Susan
13 Illston.

14 After consultation with the parties, Judge Illston set a hearing on Thelen's *Ex Parte*
15 Application for Temporary Restraining Order and Preliminary Injunction for **Thursday,**
16 **November 15, at 3:30 p.m.**   Judge Illston also set the following briefing schedule:  Marland to
17 file an opposition by November 9, 2007 (with hand service on Judge Illston's Chambers); and
18 Thelen to file a reply by early on November 13, 2007.[16]

19 After Judge Illston set the hearing date and briefing schedule, Thelen notified the ICDR
20 and requested an extension on the deadline for responding to the ICDR until after the Court has
21 ruled on Thelen's *Ex Parte* Application for a TRO.[17]   On November 8, 2007, the ICDR
22 informed the parties that:

23 > [T]the ICDR has decided to extend the deadline for the parties to submit their
> comments regarding the selection of the arbitrator through November 15, 2007.
24 > Please note that absent an agreement from the parties or a court order staying this
> arbitration by this date, we will proceed with the appointment of the arbitrator.[18]
25

---

26 [16] *See* Declaration of Wendy J. Thurm in Support of Motion to Relate Case ("Thurm Decl."), Ex. A.
27 [17] Thurm Decl., Ex. B.
28 [18] Thurm Decl., Ex. C.

5

MOTION TO RELATE *THELEN REID BROWN RAYSMAN & STEINER LLP V. FRANCOIS MARLAND,* CASE
NO. C07-5663 TO THIS CASE
CASE NO. C06-2071 VRW

404561.03

1  **3.  Under Civil Local Rule 3-12, the cases should be related.**

2  There will be "an unduly burdensome duplication of labor and expense" if *Thelen v.*
3  *Marland II* case is conducted before a different judge.  Civil L.R. 3-12(a)(2).  This Court is
4  already familiar with the facts and issues presented.  After more than sixteen months of
5  litigation, this Court wrote a 57-page order granting summary judgment in favor of Thelen on the
6  claims Marland asserted in the New York Arbitration.   Conducting *Thelen v. Marland II* before
7  a different judge therefore would entail duplicative expenditure of judicial resources and labor.

8  Under the exigent circumstances presented by the ICDR's decision to proceed with the
9  New York Arbitration unless the Court enters a TRO by November 15, 2007, Thelen respectfully
10 requests that the Court address the related case issues as expeditiously as possible.  If the Court
11 concludes that the cases should be related, and that *Thelen v. Marland II* should be heard by
12 Judge Walker, Thelen further requests that a hearing on its *Ex Parte* Application for a TRO be
13 held before Judge Walker no later than November 15, 2007.

14 ## **CONCLUSION**

15 For these reasons, Thelen respectfully requests that this Court (1) enter an order relating
16 *Thelen Reid Brown Raysman & Steiner LLP v. Marland*, Case No. C 07-5663, to *Thelen Reid*
17 *Brown Raysman & Steiner LLP v. Marland*, Case No. C 06-2071 VRW; (2) conduct a hearing on
18 Thelen's *Ex Parte* Application for a TRO no later than November 15, 2007.

19

20 Dated:  November 8, 2007                                   KEKER & VAN NEST, LLP

21
                                                             By:    /s/ Wendy J. Thurm
22                                                                  WENDY J. THURM
                                                                    Attorneys for Plaintiff
23                                                                  THELEN REID BROWN RAYSMAN &
                                                                    STEINER LLP
24

25

26

27

28

6
MOTION TO RELATE *THELEN REID BROWN RAYSMAN & STEINER LLP V. FRANCOIS MARLAND,* CASE
NO. C07-5663 TO THIS CASE
CASE NO. C06-2071 VRW

404561.03