1  KEKER & VAN NEST, LLP
   ROBERT A. VAN NEST - #84065
2  WENDY J. THURM - #163558
   BENEDICT Y. HUR - #224018
3  BENJAMIN BERKOWITZ - #244441
   710 Sansome Street
4  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
5  Facsimile: (415) 397-7188

6  Attorneys for Plaintiff
   THELEN REID BROWN RAYSMAN & STEINER LLP

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12

13  THELEN REID BROWN RAYSMAN &          Case No. 3:07-cv-05663 VRW
    STEINER LLP
                                         **SUPPLEMENTAL DECLARATION OF**
14                                       **JOHN J. KERR, JR. IN SUPPORT OF**
                            Plaintiff,   **THELEN REID BROWN RAYSMAN &**
15                                       **STEINER LLP'S** *EX PARTE*
          v.                             **APPLICATION FOR** TEMPORARY
16                                       RESTRAINING ORDER
    FRANÇOIS MARLAND,
17                                       Date:    November 15, 2007
                            Defendant.   Time:    2:30 p.m.
18                                       Dept:    Courtroom 6
                                         Judge:   Hon. Vaughn R. Walker
19

20

21

22

23

24

25

26

27

28

1      I, JOHN J. KERR, JR. being first duly sworn, state as follows:

2      1.      I am a partner of the law firm of Simpson Thacher & Bartlett LLP ("Simpson

3  Thacher"), and counsel of record for Thelen Reid Brown Raysman & Steiner LLP, formerly

4  known as Thelen Reid & Priest LLP ("Thelen") in the arbitration proceeding bearing the caption

5  *François Marland et al. v. Thelen Reid & Priest LLP*, Case No. 50 180 T 00082 06, currently

6  pending before the International Centre for Dispute Resolution ("ICDR") in New York, New

7  York (the "New York Arbitration"). I have knowledge of the facts set forth herein, and if called

8  to testify as a witness, could do so competently under oath.

9      2.      François Marland ("Marland") initiated the New York Arbitration on February

10  13, 2006, by filing a Demand for Arbitration with the American Arbitration Association

11  ("AAA"). *See* Declaration of John J. Kerr, Jr. in Support of Thelen Reid Brown Raysman &

12  Steiner LLP's *Ex Parte* Application for Temporary Restraining Order and Preliminary Injunction

13  (Nov. 7, 2007) ("Nov. 7 Kerr Decl."), Ex. 1. In the Demand for Arbitration, Marland sought to

14  enforce rights and recover damages with respect to a February 1999 attorney-client agreement

15  between the parties (the "February 1999 Agreement"). Due to the international nature of the

16  dispute, the AAA assigned the New York Arbitration to the ICDR for case management

17  purposes. ICDR Case Manager Christian P. Alberti administered the case from February 2006

18  until November 2007, when the case was reassigned to ICDR Case Manager Guillaume

19  Lemenez. *See* Nov. 7 Kerr Decl., Ex. 7.

20      3.      Thelen has consistently challenged the propriety of the New York Arbitration on

21  procedural and jurisdictional grounds. On March 24, 2006, Thelen filed its Statement of Defense

22  in response to Marland's Demand for Arbitration, which objected to the New York Arbitration

23  on the grounds that: (1) the February 1999 Agreement was terminated and superseded in

24  December 2002, by a new agreement that does not contain an arbitration clause (the "December

25  2002 Agreement"); (2) the December 2002 Agreement contains a release of all claims asserted

26  by Marland in his Demand for Arbitration; and (3) Marland's claims are time-barred by

27  California's statute of limitations. *See* Kerr Nov. 7 Decl., Ex. 2. On March 20, 2006, Thelen

28

1

SUPPLEMENTAL DECLARATION OF JOHN J. KERR, JR. IN SUPPORT OF THELEN REID BROWN
RAYSMAN & STEINER LLP'S EX PARTE APPLICATION FOR <u>TEMPORARY RESTRAINING ORDER</u>
CASE NO. 3:07-cv-05663 VRW

1    filed a complaint in this Court entitled *Thelen Reid Brown Raysman & Steiner LLP v. François*

2    *Marland et al.,* Case No. C 06-2071 VRW ("*Thelen v. Marland I*"), seeking to enforce the

3    December 2002 Agreement and enjoin Marland from pursuing the arbitration proceeding. *See*

4    Request for Judicial Notice filed in support of *Ex Parte* Application for TRO ("RJN"), Ex. 1.

5           4.     Thelen has "participated" in the New York Arbitration subject to these challenges,

6    and solely to the extent necessary to protect Thelen's rights. Thelen's pleadings and other

7    communications with the ICDR and counsel for Marland have made clear that Thelen's

8    participation in the arbitration proceeding is subject to and without prejudice to its objections to

9    the New York Arbitration. As an example of Thelen's statements to this effect, attached hereto

10   as **Exhibit 1** is a true and correct copy of an April 10, 2006 letter from me to Mr. Alberti, with a

11   copy to Mr. Hayes, which accompanied the submission of Thelen's first marked list of potential

12   arbitrators pursuant to the ICDR's strike-and-rank list procedures. In April 2006, Thelen

13   requested that the ICDR postpone altogether the process of selecting an arbitrator, pending this

14   Court's final resolution of *Thelen v. Marland I. See* Ex. 1. Notwithstanding this request, in an e-

15   mail to me and Mr. Hayes dated April 14, 2006, the ICDR informed the parties that it would

16   move forward with the administration of the New York Arbitration, absent a request by both

17   parties or a court order staying the moving party from proceeding. Attached hereto as **Exhibit 2**

18   is a true and correct copy of this April 14, 2006 e-mail, sent by ICDR Supervisor Michael F.

19   Namias.

20          5.     On May 10, 2006, the parties agreed to stay the proceedings in the New York

21   Arbitration pending this Court's resolution of *Thelen v. Marland I. See* Hayes Decl., Ex. 8. The

22   ICDR placed the New York Arbitration in abeyance on May 19, 2006 and on May 22, 2006, this

23   Court entered a consent order that stayed the arbitration proceeding pending this Court's final

24   order on Thelen's motion for a preliminary injunction against Marland. *See* Kerr Nov. 7 Decl.,

25   Ex. 3; RJN, Ex. 3.

26          6.     The New York Arbitration remained in abeyance on the ICDR's inactive calendar

27   for more than a year. In June 2007, the ICDR requested that the parties pay a $300.00 abeyance

28

SUPPLEMENTAL DECLARATION OF JOHN J. KERR, JR. IN SUPPORT OF THELEN REID BROWN
RAYSMAN & STEINER LLP'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER
CASE NO. 3:07-cv-05663 VRW

1  fee, billed in equal shares to Marland and Thelen, to keep the case on the inactive calendar.

2  Attached hereto as **Exhibit 3** is a true and correct copy of a June 26, 2007 letter from Mr. Alberti

3  to Mr. Hayes and me, attaching an invoice for Thelen's share of the fee and advising that the

4  ICDR would mark the New York Arbitration as "withdrawn" if it did not receive payment of the

5  fee by July 26, 2007.

6        7.      On August 1, 2007, this Court issued an order of summary judgment (the "August

7  1 Order"). *See* RJN, Ex. 10. On August 23, 2007, Marland filed a Notice of Appeal from the

8  August 1 Order. *See* RJN, Ex. 11.

9        8.      In September 2007, the ICDR issued a renewed request for the parties' payment

10  of the abeyance fee. Counsel for Thelen, Wendy Thurm, wrote to Mr. Hayes to explain that

11  Thelen would pay its share of the fee, but only "to maintain the matter on ICDR's suspense

12  calendar, pending resolution of Marland's appeal to the Ninth Circuit." Hayes Decl., Ex. 11, at

13  1. On the morning of October 3, 2007, Thelen paid its share of the fee.

14        9.      On the afternoon of October 3, 2007, Mr. Hayes sent an e-mail to Mr. Alberti

15  (without copying me or any of Thelen's counsel), requesting that the ICDR reactivate the New

16  York Arbitration. Mr. Hayes also informed the ICDR that he had been instructed to amend

17  Marland's statement of claim to seek payment of certain funds withheld by Thelen pending the

18  resolution of Marland's appeal, and "to seek to arbitrate certain other claims." *See* Hayes Decl.,

19  Ex. 2, at 2. By e-mail dated October 3, 2007, Mr. Alberti informed the parties that the ICDR

20  would waive the abeyance fee for both parties, "subject to an official request by Claimants to

21  reactivate this matter including sufficient proof that the court has lifted the stay or that this

22  arbitration proceeding may proceed." Hayes Decl., Ex. 2, at 1. Mr. Alberti also proposed a

23  conference call with the parties "in order to discuss the further steps regarding the arbitrator

24  selection process." *Id.*

25        10.     In my response to Mr. Alberti's e-mail, sent on October 4, 2007, I set forth

26  Thelen's objection to the reactivation of the New York Arbitration: "Given the judgment of the

27  U.S. District Court in San Francisco, we think Mr. Marland is barred from pursuing this

28

**3**

1   arbitration or any variation of it that he may attempt with an amended demand for arbitration."

2   Hayes Decl., Ex. 3, at 1.  Since October 4, Thelen has consistently opposed the reactivation of

3   the New York Arbitration and has repeatedly objected to proceeding with the selection of an

4   arbitrator.

5         11.    On October 9, 2007, I participated in a conference call with Mr. Alberti and Mr.

6   Hayes.  During that conference call, I reiterated Thelen's position that the August 1 Order barred

7   Marland from reactivating the arbitration proceeding.  Further, I stated that unless and until

8   Marland filed an amended statement of claim, purporting to state claims that were not already

9   adjudicated by the August 1 Order, there was nothing procedurally before the ICDR and it would

10  be premature to address the issues of arbitrability or the selection of an arbitrator.  *See* Hayes

11  Decl., Ex. 4 at 2.  Mr. Hayes stated that Marland would file his amended statement of claim by

12  October 15, 2007.  I stated that if Marland recommenced the arbitration by filing an amended

13  statement of claim, Thelen would return to the United States District Court for the Northern

14  District of California to seek a restraining order.  Following the conference call, in an e-mail

15  dated October 9, 2007, Mr. Alberti requested that the parties submit written comments to the

16  ICDR by October 15, 2007, addressing the issues of: (1) whether the matter should be

17  reactivated or kept in abeyance; and (2) in the event the matter proceeded, whether the parties

18  agreed on a procedure to select an arbitrator. Hayes Decl., Ex. 7.

19        12.    Marland did not file his amended statement of claim on October 15.  Consistent

20  with the position I articulated during the October 9 conference call, I informed the ICDR that

21  Thelen could not make any specific comments about the reactivation of the New York

22  Arbitration until it received and reviewed Marland's amended statement of claim, and that

23  Thelen would submit its comments per Mr. Alberti's October 9 request within 24 hours of

24  receiving Marland's amended statement of claim.  *See* Hayes Decl., Ex. 5.  Mr. Hayes then

25  submitted his letter to the ICDR, setting forth Marland's position regarding the reactivation of

26  the New York Arbitration and the selection of an arbitrator.  Mr. Hayes also represented that

27  Marland would file his amended statement of claim "later this week," *i.e.,* by October 19, 2007.

28

4

SUPPLEMENTAL DECLARATION OF JOHN J. KERR, JR. IN SUPPORT OF THELEN REID BROWN
RAYSMAN & STEINER LLP'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER
CASE NO. 3:07-cv-05663 VRW

1   *See* Nov. 7 Kerr. Decl., Ex. 5 at 2. Marland did not submit an amended statement of claim later

2   that week.

3         13.    On October 16, 2007, I again wrote to Mr. Alberti, reiterating Thelen's objections

4   to the reactivation of the New York Arbitration:

5               Thelen's position has not changed. Marland is barred from
                proceeding with the arbitration because: (1) the U.S. District
6               Court's August 1, 2007 Order adjudicated all of the issues raised in
                Marland's prior Demand for Arbitration; and (2) the District Court
7               held that the February 1999 Agreement on which Marland relies in
                the arbitration proceeding was superseded and replaced by a
8               December 2002 Agreement that does not provide for arbitration.

9   Hayes Decl., Ex. 4.

10        14.    On November 5, 2007, Mr. Alberti sent a letter notifying the parties that the

11  ICDR had decided to reactivate the New York Arbitration, and that the ICDR would proceed

12  with the appointment of a single arbitrator to hear the matter. *See* Nov. 7 Kerr Decl., Ex. 7. Mr.

13  Alberti further stated that the ICDR would appoint the highest ranked arbitrator selected by the

14  parties in the strike-and-rank process in May 2006, unless the parties advised the ICDR by noon

15  on November 8 that they had mutually agreed to a different approach or wished to reconsider

16  their selections. *Id.*

17        15.    On November 7, 2007, Thelen filed the instant application for a Temporary

18  Restraining Order, seeking to enjoin Marland from proceeding with the New York Arbitration.

19  After receiving notice from Ms. Thurm that Thelen intended to file an application for a

20  Temporary Restraining Order, Marland filed his Second Amended Description of Petitioners'

21  Claims with the ICDR. *See* Hayes Decl., Ex. 14.

22        16.    Also on November 7, 2007, Mr. Hayes requested that the ICDR extend the

23  deadline for the parties to submit proposals for the selection of an arbitrator. Attached hereto as

24  **Exhibit 4** is a true and correct copy of a November 7, 2007 e-mail from Mr. Hayes to Mr.

25  Lemenez, with a copy to me. I responded with a letter to the ICDR, agreeing to an extension of

26  the deadline in light of Thelen's pending motion in this Court, and suggesting that the deadline

27  should be extended until after this Court ruled on Thelen's motion. In that letter, I again

28

                                            5

1    reiterated Thelen's position that Marland is precluded from pursuing his claims in the New York

2    Arbitration by the August 1 Order, and I informed Mr. Lemenez that Thelen had filed the new

3    action in this Court to prohibit Marland from proceeding with the arbitration. Attached hereto as

4    **Exhibit 5** is a true and correct copy of a November 8, 2007 letter from me to Mr. Lemenez.

5          17.    By e-mail dated November 8, 2007, Mr. Lemenez informed the parties that the

6    ICDR had extended the deadline for the parties to submit their comments regarding the selection

7    of an arbitrator through November 15, 2007. Mr. Lemenez further advised that if this Court does

8    not enter an order staying the New York Arbitration by November 15, and absent an agreement

9    of the parties, the ICDR will proceed with the appointment of an arbitrator. Attached hereto as

10   **Exhibit 6** is a true and correct copy of the November 8, 2007 e-mail from Mr. Lemenez to Mr.

11   Hayes, Matthew Friedman and me.

12         I declare under penalty of perjury under the laws of the state of New York that the

13   foregoing is true and correct to the best of my knowledge. Executed this 13th day of November,

14   2007 in New York, New York.

15

16

17                                           JOHN J. KERR, JR.

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENTAL DECLARATION OF JOHN J. KERR, JR. IN SUPPORT OF THELEN REID BROWN
RAYSMAN & STEINER LLP'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER
CASE NO. 3:07-cv-05663 VRW