**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7              **IN THE UNITED STATES DISTRICT COURT**

8           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9

10

11    **THELEN REID BROWN RAYSMAN &**          **No C 07-5663 VRW**
      **STEINER LLP,**
12                                               **Related to**
              **Plaintiff,**                     **06-2071 VRW**
13
              **v**
14
      **FRANÇOIS MARLAND,**                      **ORDER**
15
              **Defendant.**
16    _____/

17

18

19           **On November 7, 2007, plaintiff Thelen Reid Brown Raysman**

20    **& Steiner LLP ("Thelen") brought an application for temporary**

21    **restraining order and preliminary injunction.  On November 16,**

22    **2007, the court entered a temporary restraining order against**

23    **defendant Francois Marland ("Marland"), prohibiting him or his**

24    **agents from proceeding with an arbitration pending before the**

25    **International Center for Dispute Resolution ("ICDR") (Arb No 50 180**

26    **T 00082 06) until further order of court.  Doc #19.  The court set**

27    **a schedule for further briefing and hearing on Thelen's motion for**

28    **preliminary injunction.  Doc #19.  Having considered the papers and**

**United States District Court**
For the Northern District of California

1   the evidence and arguments presented by counsel, and for the

2   reasons given below, the court GRANTS Thelen's motion for a

3   preliminary injunction.

4

5                                    I

6           This case stems from prior litigation between the

7   parties, Civ No 06-2071 VRW (<u>Thelen v Marland I</u>).  The parties are

8   familiar with the facts and legal issues underlying the prior case,

9   and the court need not fully recite them here.  A full history of

10  the prior case can be found in this court's August 1, 2007 summary

11  judgment order.  Doc #320 in No 06-2071.  (summary judgment order).

12  Suffice it to say that Marland initiated a New York arbitration

13  against Thelen in February 2006, seeking to enforce rights and

14  recover damages under a February 1999 attorney-client agreement

15  between the parties.  Thelen promptly filed a complaint in this

16  court seeking to enjoin the New York arbitration on the grounds

17  that a December 2002 agreement replaced any and all prior

18  agreements between the parties and did not contain an arbitration

19  clause.  In <u>Thelen v Marland I</u>, Thelen sought (1) a declaratory

20  judgment that the December 2002 agreement is valid and enforceable

21  and (2) an injunction prohibiting Marland from asserting any claims

22  against Thelen which are released by the December 2002 agreement

23  (including the claims asserted in the New York proceeding).

24  Several other claims, counterclaims and counter-counterclaims were

25  made.  The New York arbitration was stayed pending <u>Thelen v Marland</u>

26  <u>I</u>.  Doc #12, Ex 8.

27          The parties filed several dispositive motions, including

28  cross-motions for summary judgment and a motion for a permanent

**United States District Court**
For the Northern District of California

1  injunction of the New York arbitration.  In the August 1, 2007

2  order, this court granted summary judgment on Thelen's claim for

3  declaratory relief and found that the December 2002 agreement

4  replaced any and all other agreements between the parties and that

5  the December 2002 agreement was valid and enforceable as a matter

6  of law.  Doc #320 at 54:2-5.

7          The court denied as moot Thelen's motion for a permanent

8  injunction of the New York arbitration, finding that the parties

9  had already litigated their claims to final resolution in this

10  court, thereby obviating the need for injunctive relief.  Doc #320

11  at 55-56.

12          This new case arises because Marland has sought to re-

13  activate the New York arbitration, arguing that the arbitration

14  should proceed because this court declined to enjoin it.  On

15  November 5, 2007, the International Center for Dispute Resolution

16  (ICDR) re-activated the arbitration and gave Thelen until November

17  8 to state how it wished to proceed in selecting an arbitrator.  On

18  November 7, 2007 Thelen filed <u>Thelen v Marland II</u> and sought a TRO

19  barring Marland from proceeding with the arbitration, arguing that

20  the only valid and enforceable agreement between the parties - the

21  December 2002 agreement - does not provide for arbitration.

22          In his opposition to the TRO, Marland specified the

23  relief sought in his renewed arbitration demand as:

24  (1) payment of $612,500 allegedly due under the December 2002

25  agreement and being held by Thelen in escrow, Doc #11 at 4, and

26  (2) "damages based on Thelen's post-2002 disloyalty, including

27  opposing its former client in the same matter in which Thelen had

28  represented that client."  Doc #11 at 4.

**United States District Court**
For the Northern District of California

**II**

"In the Ninth Circuit, a district court may issue a preliminary injunction when the moving party demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tips sharply in its favor."  See <u>Lockheed Missile & Space Co v Hughes Aircraft Co</u>, 887 F Supp 1320, 1322 (ND Cal 1995), citing <u>Arcamuzi v Continental Air Lines, Inc</u>, 819 F2d 935, 937 (9th Cir 1987); <u>Los Angeles Memorial Coliseum Comm'n v National Football League</u>, 634 F2d 1197, 1201 (9th Cir 1980).  "These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases."  <u>Big Country Foods, Inc v Board of Educ of the Anchorage School Dist</u>, 868 F2d 1085, 1088 (9th Cir 1989).  Under either formulation of the test, in order to obtain preliminary injunctive relief a plaintiff must show a "fair chance of success on the merits, or questions serious enough to require litigation."  <u>Arcamuzi</u>, 819 F2d at 937.

**A**

As stated above, Marland's arbitration demand rests on an arbitration provision in the February 1999 agreement between the parties.  This court has already ruled in <u>Thelen v Marland I</u> that the February 1999 agreement was replaced and superseded by the December 2002 agreement.  The December 2002 agreement does not provide for arbitration.  "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute

**4**

**United States District Court**
For the Northern District of California

1 which he has not agreed so to submit."  A T & T Technologies, Inc v

2 Communications Workers of America, 475 US 643, 648-49 (1986).

3 Accordingly, Thelen is likely to prevail on its claim for

4 declaratory relief that Thelen is not obligated to arbitrate

5 disputes with Marland.

6       In addition, the court finds a possibility that Thelen

7 will suffer irreparable injury in the absence of preliminary

8 injunctive relief.  Under Ninth Circuit law, a party will suffer

9 irreparable harm if it is forced to proceed in a private

10 arbitration in which the parties have not agreed to arbitrate their

11 disputes.  Textile Unlimited, Inc v A BMH & Co, 240 F3d 781, 789

12 (9th Cir 2001).

13       Finally, the balance of hardships also weighs in Thelen's

14 favor.  A preliminary injunction will preserve the status quo and

15 merely delay resolution of Marland's claims.  Denying the

16 preliminary injunction, however, would require Thelen to expend

17 time and resources defending itself in the New York arbitration.

18 On balance, these factors favor the granting of a preliminary

19 injunction.

20                              B

21       Marland's arguments do not change that outcome.  In his

22 opposition to Thelen's application for temporary restraining order,

23 which was incorporated into his opposition to Thelen's application

24 for temporary injunction, Marland argues that Thelen's participation

25 before the ICDR effected a waiver of its right to seek relief from

26 this court.  Doc #11 at 11.  By "participation," Marland refers to

27 Thelen's submissions to the ICDR objecting to the arbitration.  Doc

28 #16, ¶¶3-4, 8-17.  But a party does not waive its right to

5

**United States District Court**
For the Northern District of California

1   challenge in federal court the arbitrability of a dispute by

2   contesting an arbitrator's authority in response to an arbitration

3   demand.  Under the Federal Arbitration Act, 9 USC §§ 1-14, courts

4   have the authority to decide whether parties have agreed to

5   arbitrate disputes unless the parties have affirmatively granted

6   that authority to the arbitrator.  In the latter situation, a court

7   will find that the parties have given the arbitrator the power to

8   determine arbitrability only when there is "clear and unmistakable

9   evidence that they did so."  <u>First Options of Chicago, Inc v</u>

10  <u>Kaplan</u>, 514 US 938 (1995).  In <u>First Options</u>, the arbitration

11  plaintiffs (First Options) argued that the arbitration defendants

12  (the Kaplans) had given the arbitrators this authority when they

13  filed written objections to the arbitrators' jurisdiction but then

14  proceeded to arbitrate the claims on the merits.  The court

15  rejected that argument, holding:

16
        [M]erely arguing the arbitrability issue to an arbitrator
17      does not indicate a clear willingness to arbitrate that
        issue, *i.e.,* a willingness to be effectively bound by the
18      arbitrator's decision on that point. To the contrary,
        insofar as the Kaplans were forcefully objecting to the
19      arbitrators deciding their dispute with First Options,
        one naturally would think that they did *not* want the
20      arbitrators to have binding authority over them.

21  <u>First Options</u> at 946.  See also <u>Nagrampa v Mailcoups, Inc</u>, 469 F3d

22  1257, 1279-80 (9th Cir 2006); <u>Textile Unlimited, Inc v A BMH & Co</u>,

23  240 F3d 781, 788 (9th Cir 2001).  Marland relies on <u>Poweragent, Inc</u>

24  <u>v Electronic Data Systems Corp</u>, 358 F3d 1187 (9th Cir 2004) to

25  argue that Thelen waived its right to challenge arbitrability.  But

26  in <u>Poweragent</u>, the plaintiff PowerAgent filed a complaint in

27  federal court, and the defendant filed a motion to compel

28  arbitration.  The district court found the dispute was subject to

**United States District Court**
For the Northern District of California

1  arbitration, and after procedural skirmishes, PowerAgent filed its

2  own notice of arbitration and "asserted that the arbitration panel,

3  not the district court, should determine arbitrability."  Id at

4  1190.  The arbitrators agreed with the district court, held that

5  the claims in dispute were arbitrable and found for defendant on

6  the merits.  On appeal, PowerAgent relied on <u>First Options</u>, arguing

7  that it had not waived it right to argue in court that the disputes

8  were not subject to arbitration.  The Ninth Circuit disagreed,

9  noting:

> In *First Options,* the *defendants* in arbitration filed
> with the arbitrators a memorandum opposing the
> arbitrators' jurisdiction.  The Supreme Court concluded
> that that submission did not signify an agreement to
> submit the question of arbitrability to the arbitrator. *
> * * PowerAgent's position in this case is quite different
> from that of the defendants' posture in *First Options.*
> PowerAgent was the *plaintiff* in arbitration and
> affirmatively sought to submit the issue of arbitrability
> to the arbitration panel, arguing in favor of the
> arbitrators' authority to decide the issue.

17  <u>Poweragent Inc</u> at 1191-92.  The instant case is clearly

18  distinguishable as Thelen has participated in the arbitration only

19  for purposes of challenging arbitrability and as nothing has been

20  decided on the merits.

21      Marland also argues that the 1999 agreement was

22  incorporated into (Doc #11 at 11-12) or reinstated by (Doc. #23 at

23  8-12) the 2002 agreement.  It is not clear that Marland ever made

24  these arguments in <u>Thelen v Marland I</u>, but nothing prevented him

25  from doing so, which estops him from making them now.  In any

26  event, Marland is not likely to prevail on these arguments, given

27  the scope of the court's summary judgment order and specifically

28  the court's finding that the 2002 agreement superseded all prior

**7**

**United States District Court**
For the Northern District of California

1  agreements.

2      While the parties dedicate a substantial amount of their

3  briefing to estoppel arguments and whether Marland is re-litigating

4  claims already decided, the court need not reach these points.

5  Here there is no arbitration agreement, and Thelen cannot be forced

6  to submit to the New York proceedings.

7

8                                III

9      For the reasons given above, IT IS HEREBY ORDERED that

10 Marland and his agents (including RoNo, LLC) be and the same are

11 hereby ENJOINED from proceeding with the arbitration pending before

12 the International Center for Dispute Resolution ("ICDR") (Arb No 50

13 180 T 00082 06) until further order of court.  Thelen's previously

14 posted bond shall remain in effect pending final resolution of this

15 matter.

16     The December 13, 2007, hearing on Thelen's motion for a

17 preliminary injunction is VACATED.  As it appears all issues herein

18 have been resolved by this order, the parties are ORDERED TO SHOW

19 CAUSE in writing not later than December 20, 2007, why final

20 judgment in accordance with this order should not be entered.

21

22     IT IS SO ORDERED.

23

24

25

26     VAUGHN R WALKER

27     United States District Chief Judge

28

8