```
 1  KEKER & VAN NEST, LLP
    ROBERT A. VAN NEST - #84065
 2  WENDY J. THURM - #163558
    BENEDICT Y. HUR - #224018
 3  BENJAMIN BERKOWITZ - #244441
    710 Sansome Street
 4  San Francisco, CA  94111-1704
    Telephone:  (415) 391-5400
 5  Facsimile:  (415) 397-7188

 6  Attorneys for Plaintiff
    THELEN REID BROWN RAYSMAN & STEINER LLP
 7
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THELEN REID BROWN RAYSMAN & STEINER LLP,<br><br>                           Plaintiff,<br><br>     v.<br><br>FRANÇOIS MARLAND,<br><br>                           Defendant. | Case No. C 07-5663 VRW<br><br>**BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE WHY JUDGMENT SHOULD NOT BE ENTERED**<br><br>Dept:    Courtroom 6<br>Judge:   Hon. Vaughn R. Walker |

# I. ARGUMENT

On December 11, 2007, the Court entered an order finding that the December 2002 Agreement between plaintiff Thelen Reid Brown Raysman & Steiner ("Thelen") and defendant Francois Marland does not contain an arbitration clause and that therefore Marland should be preliminarily enjoined from proceeding with the arbitration he initiated in New York (Arb No. 50 180 T 0082 06). *See* December 11, 2007 Order Granting Preliminary Injunction (Docket No. 27), at 8. The Court also ordered the parties to show cause in writing by December 20, 2007 why final judgment in accordance with the Court's order should not be entered.

Thelen submits that final judgment should be entered as follows: judgment in favor of Thelen on its First Claim for Declaratory Relief, finding that the December 2002 Agreement does not contain an arbitration clause; judgment in favor of Thelen on its Sixth Claim for Injunctive Relief, permanently enjoining Marland from proceeding with the arbitration he initiated in New York; and dismissal without prejudice—as moot—Thelen's Second, Third, Fourth and Fifth Claims for Relief.

The Court has received several briefs from each party, interpreted the operative December 2002 Agreement, and found that no valid arbitration provision exists between Thelen and Marland. Based on that finding, the Court ruled that Thelen cannot be forced to arbitrate any claims with Marland, and then issued a Temporary Restraining Order and a Preliminary Injunction, prohibiting Marland from proceeding with the New York arbitration. *See* November 16, 2007 Order Granting Temporary Restraining Order (Docket No. 19), at 2; December 11, 2007 Order granting Preliminary Injunction (Docket No. 27), at 7-8.

Under California law, the interpretation of a contact is a question of law for the Court. *Niederer v. Ferreira*, 189 Cal. App. 3d 1485, 1499 (1987). Where, as here, the contract is unambiguous, California law requires the Court to interpret the plain meaning of the contract, without reference to extrinsic evidence. *Id.* Therefore, no discovery on this question of law is necessary. Accordingly, judgment should be entered consistent with the Court's December 11, 2007 Order.

1    Thelen's Complaint contains four additional claims for declaratory relief: that the claims
2 Marland pled in the New York arbitration were barred by claim preclusion and issue preclusion
3 (Claims Two and Three); and that Marland had waived and was estopped from asserting a right
4 to arbitrate (Claims Four and Five). These claims would be mooted by a judgment for Thelen on
5 the First and Sixth Claims for Relief, and a permanent injunction barring Marland from
6 proceeding with the New York arbitration. Without a pending arbitration, the Court need not
7 determine if Marland waived his right to arbitrate or if the claims he raised in the arbitration are
8 barred by estoppel. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (finding that an action is
9 mooted when the issues presented are no longer live).

10    To the extent that the Court dismisses Thelen's Second, Third, Fourth and Fifth Claims as
11 moot, the Court should do so <u>without prejudice</u> to Thelen raising them in a subsequent action if
12 necessary. For example, in the event that Marland files a new complaint in state or federal court,
13 asserting the two claims he tried to pursue in the New York arbitration, Thelen should be
14 permitted to re-assert as affirmative defenses that issue preclusion and claim preclusion bar his
15 claims. Thelen should be permitted to do so because this Court has not addressed those claims
16 for declaratory relief on the merits. *See Pujol v. Shearson/American Express, Inc.*, 829 F.2d
17 1201, 1209 n. 3 (1st Cir. 1987) (action "was dismissed as moot and accordingly has no res
18 judicata effect." ); *see also Hell's Kitchen Neighborhood Ass'n v. Bloomberg*, 2007 WL 3254393,
19 *4 (S.D.N.Y. Nov. 1, 2007) (finding that denying a claim as moot is not the same as final
20 judgment on the merits and not precluded by res judicata beyond the question decided in the
21 action).

22    Through his counsel, Marland has stated that he intends to oppose the entry of final
23 judgment for Thelen, and will file counterclaims to Thelen's Complaint. The deadline for
24 Marland to file and serve a responsive pleading to Thelen's Complaint has long since passed. At
25 the request of Marland's counsel, Andrew Hayes, Thelen served its Summons, Complaint and
26 Application for Temporary Restraining Order by e-mail to Mr. Hayes on <u>November 7, 2007</u>. *See*
27 Declaration of Andrew W. Hayes in Opposition to Application for TRO, Ex. 13 (Docket No. 12);
28 Supplemental Declaration of Wendy J. Thurm filed in Support of Application for Temporary

Restraining Order (dated November 13, 2007), at ¶ 6 & Ex. A (Docket No. 15). Therefore, the deadline for Marland to file and serve his responsive pleading was no later than <u>November 30, 2007</u>. *See* Fed. R. Civ. Proc. 5(b)(1)(D); 6(d); 12(a). Any counterclaims by Marland had to filed by the same date. *See LeBrew v. Reich*, 2006 WL 1662595 at * 4 (E.D.N.Y. May 12, 2006) (citing 5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1348 (West 2004)). Marland is in default of his obligations under the Federal Rules.

Marland never objected to service of Summons and Complaint by e-mail to Mr. Hayes, cannot do so now. "[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 671–672 (1996). Here, Marland has clearly had notice, since he filed an Opposition to Thelen's Application for a Temporary Restraining Order. *See* Docket No. 11. Once a party appears voluntarily in an action, service of process becomes unnecessary. *Wesley v. Don Stein Buick, Inc.,* 996 F. Supp. 1299, 1311, fn. 10 (D. Kans. 1998); *see also Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 176 (10th Cir. 1992) ("defendant may [not] halfway appear in a case, giving ... the impression that he [or she] has been served, and [later] pull failure of service out of the hat like a rabbit.") (citations omitted).

Therefore, if Marland files an Answer and Counterclaims today, Thelen respectfully requests that the Court strike these pleadings, and issue an Order to Show Cause why default should not be entered for Thelen on the entirety of its Complaint.

## II.     REQUEST FOR RELIEF

Thelen respectfully requests the following:

(1) The Court should enter final judgment on Thelen's First Claim for Declaratory Relief, finding that the December 2002 Agreement lacks an arbitration clause and on its Sixth Claim for Injunctive Relief, permanently barring Marland from proceeding with the New York arbitration. Thelen further requests that the Court dismiss the remaining claims <u>without prejudice as moot</u>.

(2) If Marland files an Answer and Counterclaims in response to the Court's Order to show cause why judgment should not be entered, the Court should strike these pleadings and

1  enter an Order to Show Cause why default should not be entered for Thelen on the entirety of its
2  Complaint.

4  Dated:  December 20, 2007                    KEKER & VAN NEST, LLP

6                                                By:    /s/  Wendy J. Thurm
                                                       WENDY J. THURM
7                                                      Attorneys for Plaintiff
                                                       THELEN REID BROWN RAYSMAN &
8                                                      STEINER LLP