DONALD W. CARLSON [Bar No.: 79258] dcarlson@ccplaw.com
GUY D. CALLADINE [Bar No.: 99431] gcalladine@ccplaw.com
CARLSON, CALLADINE & PETERSON LLP
353 Sacramento Street, 16th Floor
San Francisco, California 94111
Telephone:    (415) 391-3911
Facsimile:    (415) 391-3898

ANDREW W. HAYES (*pro hac vice*)
HAYES & MALONEY LLP
1 Rockefeller Plaza, Suite 1005
New York, New York 10020
Telephone:    (212) 554-3120
Facsimile:    (212) 554-3121

Attorneys for Defendant
FRANÇOIS MARLAND

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THELEN REID BROWN RAYSMAN & STEINER LLP,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FRANÇOIS MARLAND,<br><br>　　　　　　　　Defendant. | Case No.:    C-07-5663 VRW<br><br>**MOTION FOR ADMINISTRATIVE RELIEF FILED BY FRANÇOIS MARLAND**<br><br>Place: Courtroom No. 6<br>Judge: The Honorable Vaughn R. Walker<br>Date: January 3rd, 2008<br>Time: 2:30 p.m. |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that at 2:30 p.m. on January 3rd, 2008, or at such other date and time ordered by the Court, located at 450 Golden Gate Avenue, San Francisco, California, defendant FRANÇOIS MARLAND ("Marland") will, and hereby does, move this Court, pursuant to N.D. Civ. L.R. 7-11, for an order to strike and to disregard the factual assertions in Plaintiff THELEN REID BROWN RAYSMAN & STEINER LLP's ("Thelen") Response to Order to Show Cause Why Judgment Should Not Be Entered that are contradicted by Thelen's own, later written statements and settled law. In the alternative, Marland respectfully requests leave to submit a reply to Thelen's Brief.

## Memorandum of Points and Authorities

## Objections and Requests to Strike

1  Defendant Marland objects to, and asks the Court to strike and disregard, the statements in Plaintiff Thelen's Brief in Response to Order to Show Cause Why Judgment Should Not Be Entered which flatly contradict Thelen's own prior statements regarding its need to effect personal service of process upon Marland, and settled law. Marland has advised Thelen of the defects noted below and asked that Thelen voluntarily withdraw the erroneous portions of its filing, but Thelen has refused to do so. (See Declaration of Andrew W. Hayes, ("Hayes Dec."), submitted herewith, at Ex. 1)

2  At p. 2:24-27 of its brief, Thelen claims that Marland, through counsel, accepted service of the complaint in this action and waived the requirement of service, and Thelen argues from this premise that Marland's time to answer or serve counterclaims has passed. Thelen supports its position by citing the Declaration submitted by Marland's counsel in opposition to Thelen's TRO Application (in its entirety), and a November 7, 2007 email attached to one of Thelen's Declarations in Support of its TRO Application.

3  Thelen has not disclosed to the Court its own later statement that contradicts its position here – specifically, the November 8, 2007, email from Thelen's counsel of record giving Marland until the next day to indicate whether counsel was authorized to "formally" authorized to accept service of the Complaint – and stating that if counsel did not do so, Thelen would serve Marland personally. (See Hayes Dec. Ex. 2)

4  A few hours after Thelen's deadline, Marland's counsel responded by expressly declining to give the "formal" consent that Thelen sought. Counsel stated that Marland had only authorized counsel to accept papers for the purpose of responding to Thelen's TRO application. (See Hayes Dec. Ex. 3) Again, Thelen has chosen not to inform the Court of this statement.

5  *At no time prior to yesterday did Thelen suggest that counsel's November 7 acceptance of the TRO papers constituted a waiver of Thelen's obligation to effect service on*

1  *Marland*, and Thelen's November *8* request shows that Thelen did not think believe that Marland
2  had already waived service the day before.

3      6    On the contrary, counsel presumed that Thelen was responding to the November
4  exchange by carrying out its stated intention to effect personal service on Marland. This was
5  hardly an onerous requirement – according to Thelen, it would only need to mail the papers to
6  Marland, pursuant to the notice provision of the 2002 Agreement. However, Thelen has yet to file
7  any proof of service (by any means).

8      7    Counsel relied on Thelen's statement that it would personally serve Marland in
9  calculating Marland's time to answer or move against the Complaint, and serve counterclaims.

10      8    If Thelen is now going to claim that Marland actually waived personal service on
11  November 7, it should at least have advised the Court that Thelen itself took a contrary position
12  the following day. Thelen's omission of its own inconsistent statement from its response to the
13  Order to Show Cause is grounds to strike the portions of its submission that address this issue.

14      9    The fact that Marland had *not* authorized counsel to waive personal service on
15  Marland was underscored by the very document that Thelen erroneously cites in support of its
16  argument – Marland's counsel's declaration in response to Thelen's TRO application. The first
17  paragraph of that declaration recites that the declarant is counsel to Marland in *Thelen v. Marland*
18  *I*, and in the arbitration proceeding in New York. There is no mention of counsel having been
19  retained in *Thelen v. Marland II*.

20      10    Thelen's argument is also frivolous as a matter of law: It is clear under Rule 4 that
21  to bring a putative defendant under the jurisdiction of the court, a plaintiff must either file a proof
22  of service, or a waiver, or obtain a court order excusing service. *See Murphy Bros., Inc. v.*
23  *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 1326-27 (1999) ("In the absence
24  of service of process (or waiver of service by the defendant), a court ordinarily may not exercise
25  power over a party the complaint names as defendant"). Thelen did none of the above. At best,
26  Thelen has shown that it has *requested* a waiver, which this Court has ruled fails to establish
27  service. *See Woodruff v. Mueller*, 2004 WL 724886 at *4 (N.D.Cal. March 24, 2004). And even
28  if Thelen were correct that Marland had waived formal service of process, then Marland would

3

1  have 60 days to respond to the Complaint, not 30.  Fed. R. Civ. P. 4(d)(3).  In fact, Thelen's email
2  cannot be a valid request to waive service, because it did not comply with the requirements of a
3  request for waiver of service of process under Fed. R. Civ. P. 4(d)(2).  *See Durrett v. Leading*
4  *Edge Products, Inc.*, 965 F.Supp 280, 286-87 (D.Conn 1997) (omission of waiver form "fatal to
5  plaintiff's attempted service pursuant to Rule 4").  In particular, Thelen's one-day deadline was
6  flatly inconsistent with Rule 4(d)(2)(F), which states that "the notice and request shall allow the
7  defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on
8  which the request is sent, or 60 days id the defendant is addressed outside any judicial district of
9  the Unites States."

10     11     For all these reasons, Marland's time to respond or serve counterclaims has not
11  passed, and Thelen's arguments to the contrary to settled law and the facts (including facts Thelen
12  omits to mention).

13  Dated:  December 21, 2007

15                                      CARLSON, CALLADINE & PETERSON LLP
                                        HAYES & HARDY LLP

17                                      By: /s/ Andrew W. Hayes
                                        ANDREW W. HAYES

                                        Attorneys for Defendant
19                                      FRANÇOIS MARLAND