1  KEKER & VAN NEST, LLP
   ROBERT A. VAN NEST - #84065
2  WENDY J. THURM - #163558
   BENEDICT Y. HUR - #224018
3  BENJAMIN BERKOWITZ - #244441
   710 Sansome Street
4  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
5  Facsimile:  (415) 397-7188

6  Attorneys for Plaintiff
   THELEN REID BROWN RAYSMAN & STEINER LLP
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12  THELEN REID BROWN RAYSMAN &         Case No. C 07-5663 VRW
    STEINER LLP,
13                                      **THELEN'S OPPOSITION TO
                          Plaintiff,    MARLAND'S ADMINISTRATIVE
                                        MOTION TO STRIKE**
14       v.
                                        Date:   January 3, 2008
15  FRANÇOIS MARLAND,                   Time:   2:30 p.m.
                                        Dept:   Courtroom 6
16                        Defendant.    Judge:  Hon. Vaughn R. Walker

17

18

19

20

21

22

23

24

25

26

27

28

---

THELEN'S OPPOSITION TO MARLAND'S ADMINISTRATIVE MOTION TO STRIKE
408487.01                       CASE NO. C 07-5663 VRW

1    Defendant Francois Marland has been fully participating in this action since November
2    10, 2007.  After Thelen filed its Summons, Complaint and Application for Temporary
3    Restraining Order on November 7, Marland filed four separate pleadings opposing entry of a
4    TRO, preliminary injunction, and permanent injunction.  Marland never objected to this action or
5    Thelen's motions by arguing that service had not been effected or was somehow defective.  As a
6    result, Marland waived any and all defenses related to service, and is in default for failing to file
7    an Answer within the time provided by the Federal Rules of Civil Procedure.

8    Thelen filed its Complaint in this action on November 7, 2007.  *See* Docket Item No. 1.
9    The same day, Thelen filed an *Ex Parte* Application for a Temporary Restraining Order.  *See*
10   Docket Item No. 3.  Thelen served both of these pleadings, along with the Summons, on Andrew
11   Hayes that day.  See Supplemental Declaration of Wendy J. Thurm in Support of TRO
12   Application, Docket Item No. 15, ¶ 6, Ex. A.  On November 10, 2007, Marland appeared in this
13   action, filing an Opposition to Thelen's TRO Application.  Marland made several arguments
14   against entry of a TRO, but never argued that a TRO was improper because he had not been
15   properly served.  *See* Docket Item No. 11.

16   Five days later, on November 15, Mr. Hayes filed a motion to serve as counsel *pro hac*
17   *vice* for Marland in this action.  *See* Docket Item No. 21.[1]  That same day, Mr. Hayes
18   participated in the Court's hearing on Thelen's TRO Application, by telephone.  Never once did
19   Mr. Hayes object to the proceeding based on ineffective service on Marland.  *See* Declaration of
20   Wendy J. Thurm in Response to Marland's Administrative Motion, Ex. A (Transcript of Court
21   hearing, held November 15, 2007).

22   Marland continued to participate in the action without objection.  On November 29,
23   Marland filed an opposition to Thelen's motion for preliminary injunction.  Again, Marland
24   made numerous arguments for why Thelen was not entitled to a preliminary injunction, but never
25   raised any issued about service.  *See* Docket Item No. 23.  Finally, when the Court issued the

---

[1] The docket available on PACER does not link to an electronic version of Mr. Hayes' motion for leave to appear *pro hac vice* and Thelen was never served with a paper copy of the motion. But the Court must have received the motion, because it granted the motion and entered an order permitting Mr. Hayes to appear *pro hac vice* on November 21, 2007.  *See* Docket Item No. 22.

1
THELEN'S OPPOSITION TO MARLAND'S ADMINISTRATIVE MOTION TO STRIKE
CASE NO. C 07-5663 VRW

408487.01

1  preliminary injunction, and issued an order to show cause why final judgment should not be
2  entered, Marland opposed final judgment on several grounds, including that he intended to assert
3  counterclaims to Thelen's complaint. Marland raised no objection to final judgment on the basis
4  that Marland had never been properly served. *See* Docket Item No. 29.

5  As with venue and personal jurisdiction, a defendant must raise objections to ineffective
6  service in his first substantive pleading, or the defense is waived. Fed. Rule Civ. Proc. 12(h)(1).
7  These defenses may also be waived "as a result of the course of conduct pursued by a party
8  during litigation." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998) (cited
9  in *Wright v. Interbank Capital, Inc.*, 1999 WL 354516, at *2 (N.D. Cal. May 19, 1999)).
10 Marland's briefs in opposition to Thelen's motions for TRO and preliminary injunctions
11 constitute responsive pleadings in which Marland was obligated to raise the defense of
12 ineffective service, or forever waive it. *See Manchester Knitted Fashions, Inc. v. Amalgamated*
13 *Cotton Garment & Allied Indus. Fund*, 967 F.2d 688, 691-92 (1st Cir. 1992); and *Wrough &*
14 *Loser, Inc. v. Pelmor Lab., Inc.*, 376 F.2d 543 (3rd Cir. 1967)(both cited in *Wright*, 1999 WL
15 354516, at *2).

16 Marland points out that Mr. Hayes' declaration dated November 10, filed in opposition to
17 Thelen's TRO Application, did not state that Mr. Hayes was serving as Marland's counsel in this
18 action. Maybe so. But five days later, Mr. Hayes filed his motion to appear <u>in this action</u> for
19 Marland *pro hac vice*. With that motion, Mr. Hayes informed Thelen and the Court that he was
20 authorized to accept service of all pleadings in this action on behalf of Marland. *Cf. FDIC v.*
21 *Oaklawn Apts.*, 959 F.2d 170, 175 (10th Cir. 1992). Therefore, service of Thelen's Summons and
22 Complaint was effective no later than the date of Mr. Hayes' motion—November 15, 2007. *See*
23 Docket Item No. 21. Under the Federal Rules, Marland was obligated to file an answer or 12(b)
24 motion 20 days later. It is now 42 days later, and Marland has still not filed an answer or 12(b)
25 motion. He is therefore in default.

26 Even if the Court looks to Marland's opposition to Thelen's preliminary injunction
27 motion as the key pleading waiving service, Marland is still in default. Marland filed his
28

opposition brief on November 29, 2007; as such, Marland's answer or 12(b) motion was due to be filed no later than December 19, 2007, eight days ago.

Marland argues that Thelen asked him to waive service, and failed to follow the correct procedures. Not so. Thelen simply asked Mr. Hayes if he was authorized to accept service of the Summons and Complaint. Mr. Hayes responded on November 9, 2007 that he was authorized to accept the TRO papers only. *See* Declaration of Andrew Hayes in support of Administrative Motion, Ex. 3 (Docket Item No. 32). But six days later, on November 15, Mr. Hayes filed his motion to appear in this action *pro hac vice*, without any limitation on the scope of his representation of Marland. *See* Docket Item No. 21. At that point, there was nothing further for Thelen to do to effect service on Marland.

**CONCLUSION**

For the foregoing reasons, Thelen respectfully respects that the Court deny Marland's Administrative Motion to strike the factual assertions in Thelen's December 20, 2007 filing.

Dated: December 26, 2007                              KEKER & VAN NEST, LLP


By:   /s/ Wendy J. Thurm
WENDY J. THURM
Attorneys for Plaintiff
THELEN REID BROWN RAYSMAN &
STEINER LLP