**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                         **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11   **THELEN REID BROWN RAYSMAN &             No C 07-5663 VRW
     STEINER LLP,**

12                                                 **Related to**
             **Plaintiff,                           06-2071 VRW**

13
             **v**
14
     **FRANÇOIS MARLAND,                          ORDER**
15
             **Defendant.**
16   _____/

17

18          **On November 7, 2007, plaintiff Thelen Reid Brown Raysman**

19   **& Steiner LLP ("Thelen") filed a complaint and brought an**

20   **application for temporary restraining order and preliminary**

21   **injunction.  On November 16, 2007, the court entered a temporary**

22   **restraining order, and on December 11, 2007, the court entered a**

23   **preliminary injunction against defendant Francois Marland**

24   **("Marland"), prohibiting him or his agents from proceeding with an**

25   **arbitration pending before the International Center for Dispute**

26   **Resolution ("ICDR") (Arb No 50 180 T 00082 06) until further order**

27   **of court.  Doc #27.  The court directed the parties to show cause**

28   **why final judgment in accordance with the order should not be**

**United States District Court**
For the Northern District of California

1  entered.  Doc #27.

2       Having considered the papers and the evidence and

3  arguments presented by counsel, and for the reasons given below,

4  the court finds that a final judgment PERMANENTLY ENJOINING Marland

5  and his agents from proceeding with the arbitration pending before

6  the International Center for Dispute Resolution ("ICDR") (Arb No 50

7  180 T 00082 06) should be entered.

8

9                                    I

10      This case stems from prior litigation between the

11  parties, Civ No 06-2071 VRW (<u>Thelen v Marland I</u>).  The parties are

12  familiar with the facts and legal issues underlying the prior case,

13  and the court need not fully describe them here.  A full history of

14  the prior case can be found in this court's August 1, 2007 summary

15  judgment order.  Doc #320 in No 06-2071.  Suffice it to say that

16  Marland initiated a New York arbitration against Thelen in February

17  2006, seeking to enforce rights and recover damages under a

18  February 1999 attorney-client agreement between the parties.

19  Thelen promptly filed a complaint in this court seeking to enjoin

20  the New York arbitration on the grounds that a December 2002

21  agreement replaced any and all prior agreements between the parties

22  and did not contain an arbitration clause.  In <u>Thelen v Marland I,</u>

23  Thelen sought (1) a declaratory judgment that the December 2002

24  agreement is valid and enforceable and (2) an injunction

25  prohibiting Marland from asserting any claims against Thelen which

26  are released by the December 2002 agreement (including the claims

27  asserted in the New York proceeding).  Several other claims,

28  counterclaims and counter-counterclaims were made.  The New York

2

United States District Court
For the Northern District of California

1   arbitration was stayed pending <u>Thelen v Marland I</u>.   Doc #12, Ex 8.

2         The parties filed several dispositive motions, including

3   cross-motions for summary judgment and a motion for a permanent

4   injunction of the New York arbitration.   In the August 1, 2007

5   order, this court granted summary judgment on Thelen's claim for

6   declaratory relief and found that the December 2002 agreement

7   replaced any and all other agreements between the parties and that

8   the December 2002 agreement was valid and enforceable as a matter

9   of law.   Doc #320 at 54:2-5.

10         The court denied as moot Thelen's motion for a permanent

11   injunction of the New York arbitration, finding that the parties

12   had already litigated their claims to final resolution in this

13   court, thereby obviating the need for injunctive relief.   Doc #320

14   at 55-56.   Evidently, Marland did not get the message.

15         This new case arises because Marland has sought to re-

16   activate the New York arbitration, arguing that the arbitration

17   should proceed because this court declined to enjoin it.   On

18   November 5, 2007, the International Center for Dispute Resolution

19   (ICDR) re-activated the arbitration and gave Thelen until November

20   8 to state how it wished to proceed in selecting an arbitrator.   On

21   November 7, 2007 Thelen filed <u>Thelen v Marland II</u> and sought a TRO

22   barring Marland from proceeding with the arbitration, arguing that

23   the only valid and enforceable agreement between the parties - the

24   December 2002 agreement - does not provide for arbitration.

25         In his opposition to the TRO, Marland specified the

26   relief sought in his renewed arbitration demand as:

27   (1) payment of $612,500 allegedly due under the December 2002

28   agreement and being held by Thelen in escrow,  Doc #11 at 4, and

3

**United States District Court**
For the Northern District of California

1  (2) "damages based on Thelen's post-2002 disloyalty, including

2  opposing its former client in the same matter in which Thelen had

3  represented that client."   Doc #11 at 4.

4

5                                    II

6         As stated above, Marland's arbitration demand rests on an

7  arbitration provision in the February 1999 agreement between the

8  parties.   This court has already ruled in <u>Thelen v Marland I</u> that

9  the February 1999 agreement was replaced and superseded by the

10 December 2002 agreement.   The December 2002 agreement does not

11 provide for arbitration.   To the contrary, the December 2002

12 agreement requires the parties to resolve disputes in a California

13 court under California law.   Doc #175 in No 06-2071, Ex T at § 9.

14 "[A]rbitration is a matter of contract and a party cannot be

15 required to submit to arbitration any dispute which he has not

16 agreed so to submit."   <u>A T & T Technologies, Inc v Communications</u>

17 <u>Workers of America</u>, 475 US 643, 648-49 (1986).   Where there is no

18 arbitration agreement, a party, in this case Thelen, cannot be

19 forced to arbitrate a dispute.

20        Marland's arguments in his response to order to show

21 cause lack merit.   First, Marland argues that entry of final

22 judgment is not proper because the court has not adjudicated all of

23 Thelen's claims.   Doc #29 at 2.   While it is true that, in addition

24 to the claim for injunctive relief, Thelen's complaint listed five

25 claims for declaratory relief, Doc #1 at 5-8, all of these claims

26 are mooted by the court's entry of judgment in favor of Thelen on

27 its claim for injunctive relief.   Marland's concerns for Thelen's

28 other claims are easily resolved by the court's dismissal of those

                                     4

**United States District Court**
For the Northern District of California

1   claims without prejudice.

2          Next, Marland argues that he intends to assert

3   counterclaims in this action, and that by entering final judgment

4   and closing this case, the court would put Marland at risk of

5   waiving those claims.  Doc #29 at 2-3.  The counterclaims that

6   Marland intends to bring in this action are the same claims that he

7   brought in the New York arbitration proceedings.  Marland's proper

8   remedy, if any, is to appeal the court's judgment or to bring a new

9   action in California, as provided by the 2002 agreement, not to

10  bring a counterclaim in this action.  Thelen responded to Marland's

11  counterclaim argument by asserting that Marland is time-barred from

12  filing a counterclaim in this action, Doc #30 at 2-3, which

13  prompted Marland to file a motion for administrative relief seeking

14  to strike Thelen's assertions.  Doc #31.  Because the court finds

15  Marland's counterclaim argument unpersuasive for other reasons, it

16  need not consider Thelen's timing argument.

17         Finally, Marland argues that the court's holding that the

18  December 2002 agreement replaced and superseded the February 1999

19  agreement and that the arbitration provision in the February 1999

20  agreement is therefore no longer enforceable is contrary to Supreme

21  Court precedent stated in <u>Nolde Brothers, Inc v Local No 358,</u>

22  <u>Bakery and Confection Workers Union, AFL-CIO</u>, 430 US 243 (1977).

23  Doc #29 at 3-4.  Although the issue of the arbitration provision's

24  enforceability was fully litigated and disposed of in <u>Thelen v</u>

25  <u>Marland I</u> and the court need not revisit the issue here, the court

26  notes that Marland's reliance on <u>Nolde</u> is misplaced.  Marland too

27  broadly reads <u>Nolde</u> as holding that grievances based on events

28  after the termination of a contract that provides for arbitration

**United States District Court**
For the Northern District of California

1   are always subject to arbitration if the obligations at issue arose

2   under the terminated contract.  But in <u>Nolde</u>, the contract

3   containing the arbitration clause was terminated at the election of

4   one of the parties.  430 US at 247.  The <u>Nolde</u> contract was not, as

5   here, replaced and superseded by another contract that did not

6   provide for arbitration.  <u>Nolde</u> involved an entirely different

7   factual situation and provides no support for Marland's position.

8

9                                    III

10          The clerk is DIRECTED to enter judgment in favor of

11  Thelen on its sixth claim for injunctive relief and to dismiss

12  without prejudice Thelen's first, second, third, fourth and fifth

13  claims for relief as moot.  The clerk is also directed to terminate

14  as moot Marland's motion for administrative relief and to close the

15  file.

16

17          IT IS SO ORDERED.

18

19          _____

20          VAUGHN R WALKER
            United States District Chief Judge

21

22

23

24

25

26

27

28

6