IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THELEN REID BROWN RAYSMAN &amp;  No C 07-5663 VRW
STEINER LLP,
                                                         Related to
          Plaintiff,                06-2071 VRW

          v

FRANÇOIS MARLAND,                  ORDER

          Defendant.
                                       /

On November 7, 2007, plaintiff Thelen Reid Brown Raysman &amp; Steiner LLP ("Thelen") filed a complaint and brought an application for temporary restraining order and preliminary injunction. On November 16, 2007, the court entered a temporary restraining order, and on December 11, 2007, the court entered a preliminary injunction against defendant Francois Marland ("Marland"), prohibiting him or his agents from proceeding with an arbitration pending before the International Center for Dispute Resolution ("ICDR") (Arb No 50 180 T 00082 06) until further order of court. Doc #27. The court directed the parties to show cause why final judgment in accordance with the order should not be

entered. Doc #27.

Having considered the papers and the evidence and arguments presented by counsel, and for the reasons given below, the court finds that a final judgment PERMANENTLY ENJOINING Marland and his agents from proceeding with the arbitration pending before the International Center for Dispute Resolution ("ICDR") (Arb No 50 180 T 00082 06) should be entered.

I

This case stems from prior litigation between the parties, Civ No 06-2071 VRW (Thelen v Marland I). The parties are familiar with the facts and legal issues underlying the prior case, and the court need not fully describe them here. A full history of the prior case can be found in this court's August 1, 2007 summary judgment order. Doc #320 in No 06-2071. Suffice it to say that Marland initiated a New York arbitration against Thelen in February 2006, seeking to enforce rights and recover damages under a February 1999 attorney-client agreement between the parties. Thelen promptly filed a complaint in this court seeking to enjoin the New York arbitration on the grounds that a December 2002 agreement replaced any and all prior agreements between the parties and did not contain an arbitration clause. In Thelen v Marland I, Thelen sought (1) a declaratory judgment that the December 2002 agreement is valid and enforceable and (2) an injunction prohibiting Marland from asserting any claims against Thelen which are released by the December 2002 agreement (including the claims asserted in the New York proceeding). Several other claims, counterclaims and counter-counterclaims were made. The New York

2

arbitration was stayed pending <u>Thelen v Marland I</u>. Doc #12, Ex 8.

The parties filed several dispositive motions, including cross-motions for summary judgment and a motion for a permanent injunction of the New York arbitration. In the August 1, 2007 order, this court granted summary judgment on Thelen's claim for declaratory relief and found that the December 2002 agreement replaced any and all other agreements between the parties and that the December 2002 agreement was valid and enforceable as a matter of law. Doc #320 at 54:2-5.

The court denied as moot Thelen's motion for a permanent injunction of the New York arbitration, finding that the parties had already litigated their claims to final resolution in this court, thereby obviating the need for injunctive relief. Doc #320 at 55-56. Evidently, Marland did not get the message.

This new case arises because Marland has sought to re-activate the New York arbitration, arguing that the arbitration should proceed because this court declined to enjoin it. On November 5, 2007, the International Center for Dispute Resolution (ICDR) re-activated the arbitration and gave Thelen until November 8 to state how it wished to proceed in selecting an arbitrator. On November 7, 2007 Thelen filed <u>Thelen v Marland II</u> and sought a TRO barring Marland from proceeding with the arbitration, arguing that the only valid and enforceable agreement between the parties – the December 2002 agreement – does not provide for arbitration.

In his opposition to the TRO, Marland specified the relief sought in his renewed arbitration demand as:
(1) payment of $612,500 allegedly due under the December 2002 agreement and being held by Thelen in escrow, Doc #11 at 4, and

3

(2) "damages based on Thelen's post-2002 disloyalty, including opposing its former client in the same matter in which Thelen had represented that client." Doc #11 at 4.

II

As stated above, Marland's arbitration demand rests on an arbitration provision in the February 1999 agreement between the parties. This court has already ruled in <u>Thelen v Marland I</u> that the February 1999 agreement was replaced and superseded by the December 2002 agreement. The December 2002 agreement does not provide for arbitration. To the contrary, the December 2002 agreement requires the parties to resolve disputes in a California court under California law. Doc #175 in No 06-2071, Ex T at § 9. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." <u>A T & T Technologies, Inc v Communications Workers of America</u>, 475 US 643, 648-49 (1986). Where there is no arbitration agreement, a party, in this case Thelen, cannot be forced to arbitrate a dispute.

Marland's arguments in his response to order to show cause lack merit. First, Marland argues that entry of final judgment is not proper because the court has not adjudicated all of Thelen's claims. Doc #29 at 2. While it is true that, in addition to the claim for injunctive relief, Thelen's complaint listed five claims for declaratory relief, Doc #1 at 5-8, all of these claims are mooted by the court's entry of judgment in favor of Thelen on its claim for injunctive relief. Marland's concerns for Thelen's other claims are easily resolved by the court's dismissal of those

4

claims without prejudice.

Next, Marland argues that he intends to assert counterclaims in this action, and that by entering final judgment and closing this case, the court would put Marland at risk of waiving those claims. Doc #29 at 2-3. The counterclaims that Marland intends to bring in this action are the same claims that he brought in the New York arbitration proceedings. Marland's proper remedy, if any, is to appeal the court's judgment or to bring a new action in California, as provided by the 2002 agreement, not to bring a counterclaim in this action. Thelen responded to Marland's counterclaim argument by asserting that Marland is time-barred from filing a counterclaim in this action, Doc #30 at 2-3, which prompted Marland to file a motion for administrative relief seeking to strike Thelen's assertions. Doc #31. Because the court finds Marland's counterclaim argument unpersuasive for other reasons, it need not consider Thelen's timing argument.

Finally, Marland argues that the court's holding that the December 2002 agreement replaced and superseded the February 1999 agreement and that the arbitration provision in the February 1999 agreement is therefore no longer enforceable is contrary to Supreme Court precedent stated in <u>Nolde Brothers, Inc v Local No 358, Bakery and Confection Workers Union, AFL-CIO</u>, 430 US 243 (1977). Doc #29 at 3-4. Although the issue of the arbitration provision's enforceability was fully litigated and disposed of in <u>Thelen v Marland I</u> and the court need not revisit the issue here, the court notes that Marland's reliance on <u>Nolde</u> is misplaced. Marland too broadly reads <u>Nolde</u> as holding that grievances based on events after the termination of a contract that provides for arbitration

are always subject to arbitration if the obligations at issue arose under the terminated contract. But in <u>Nolde</u>, the contract containing the arbitration clause was terminated at the election of one of the parties. 430 US at 247. The <u>Nolde</u> contract was not, as here, replaced and superseded by another contract that did not provide for arbitration. <u>Nolde</u> involved an entirely different factual situation and provides no support for Marland's position.

### III

The clerk is DIRECTED to enter judgment in favor of Thelen on its sixth claim for injunctive relief and to dismiss without prejudice Thelen's first, second, third, fourth and fifth claims for relief as moot. The clerk is also directed to terminate as moot Marland's motion for administrative relief and to close the file.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

6